# BATTLE *vs.* WEEMS.

[ACTION, UNDER THE CODE, BY INDORSEE AGAINST THE INDORSER OF BILL
OF EXCHANGE.]

1. *Complaint; form of, as prescribed by Code, when sufficient.*—In an action
by the indorsee of a bill of exchange against the indorser, a complaint
that substantially conforms to the form of a complaint, in such a case,
must be held to be a good complaint, whether the bill be or be not
payable at a particular place.

2. *Same; plea, what is good in such case.*—In such a case, a plea that
states that the bill was drawn and indorsed by the defendant for the
accommodation of the acceptors, and without consideration, and was
at the same time delivered to the acceptors, and that the plaintiff
acquired the bill after maturity, and that at the maturity thereof the
acceptors were indebted to the defendant in a sum larger than the
amount due on the bill, is a good plea. Such facts, if true, are suffi-
cient to overcome the presumption that the plaintiff is a *bona fide* holder
for value—and to entitle the plaintiff to a recovery he must show when
he acquired the bill, and that he is a *bona fide* holder for value, and with-
out notice, &c.

3. *Same; evidence, what error to exclude on plea of* NON ASSUMPSIT *with leave,
&c.*—On the trial of such a case, on the plea of *non assumpsit*, with
leave to give in evidence any matter that may be a defense to the action,
if the court excludes evidence, which, with other evidence that is admit-
ted, tends to show that the defendant has a good defense for the reason
that the plaintiff, as to him, is not a *bona fide* holder of the bill, for
value, it is an error for which the judgment will be reversed and the
cause remanded.

4. *Charge to jury; what erroneous.*—On the trial of such a case a charge
of the court to the jury, that if they believe the evidence, the plain-
tiff is entitled to recover, is erroneous, when the evidence tends to
show that the bill was drawn and indorsed without consideration, and
that the plaintiff acquired it after dishonor.

5. *Same; when only such charge should be given.*—Such a charge should
never be given, except in a very clear case—a case free from all doubt
—inasmuch as it may encroach upon the province of the jury.

APPEAL from the Circuit Court of Macon.

Tried before Hon. J. McCALEB WILEY.

The facts of the case are sufficiently stated in the
opinion.

8

WATTS & TROY, and F. S. FERGUSON, for appellant.
CLOPTON & LIGON, *contra.*

PECK, C. J.—In an action by an indorsee against the drawer or indorser of a bill of exchange for non-payment, no recovery can be had without showing that the bill was presentea for payment, at maturity, or due diligence used for that purpose, and timely notice of its dishonor given to them, or some legal excuse shown, why such notice was not given.—Story on Bills, §§ 323, 326 ; *Roberts v. Mason,* 1..Ala. Rep. 373 ; *Irvine, Adm'r, v. Withers,* 1 Stewart, 234.

If the bill is payable at a particular place, presentment for payment must be at such place.—Story on Bills, § 355.

These general principles are not gainsaid by either party, but the appellant, who was defendant in the court below, insists that the complaint is insufficient, in not averring a presentment for payment, at maturity, at the place the bill was made payable, "the agency of the Union Bank, Columbus, Georgia," and the question was made, in the circuit court, by a demurrer to the complaint for this cause. The complaint is as follows : "The plaintiff claims of the defendant thirty-three hundred and sixty dollars, due by a bill of exchange drawn by him, on the 4th day of February, 1861, on Dillard, Powell & Co., for the payment of thirty-three hundred and sixty dollars, to the order of defendant, at the agency Union Bank, Columbus, Georgia, twelve months after the date thereof, and by him indorsed to the plaintitt ; and the said bill not being paid at maturity, was duly protested, of which the defendant had due notice; the said bill, with the damages and interest thereon, is still unpaid."

This complaint substantially conforms to the second precedent of complaints given in the Revised Code, on page 673.

Judged by the common law rules of pleading, this form can hardly be considered a good declaration, whether a bill be, or be not, payable at a particular place. But the legislature, as it had an undoubted right to do, has greatly modified and simplified the laws of pleading, and having given a form for a complaint in an action by the indorsee against

the indorser of a bill of exchange, a complaint that conforms to the precedent given, must be held sufficient. The form says, "and the said bill not being paid at maturity was *duly protested*, of which the defendant had due notice."

We, therefore, hold, that the words "duly protested" must, under the modification of the law on this subject, be considered equivalent to an averment that the bill was presented at maturity, at the place of payment named in it; otherwise, it could not be said that the bill was duly protested. For these reasons, we think there was no error in overruling the demurrer to the complaint.

2. The court, however, erred in sustaining the plaintiff's demurrer to the defendant's fifth plea. This plea states, in substance, that the bill was drawn and indorsed in blank, for the accommodation of the acceptors, Dillard, Powell, & Co., and without consideration, and being so drawn and indorsed, was, at the time, delivered to the acceptors; and further, that the plaintiff never became the owner thereof until after its maturity, and that then, the acceptors were indebted to the defendant in the sum of five thousand dollars.

These statements, if true, show, *prima facie*, a good defense to the plaintiff's action. He should not, therefore, have demurred to the plea, but if he had any matter in avoidance, he should have replied.

After the demurrer to this plea was sustained, the bill of exceptions states, that the parties went to trial, on the plea of non-assumpsit, with leave to the defendant to prove, under said plea, any matter that would be a defense to the action.

On the trial, the plaintiff introduced the bill of exchange and the protest attached thereto, copies of which are made parts of the bill of exceptions. The protest shows that the bill, at maturity, was presented for payment, at the place of payment named in the bill, and that payment was refused, and, thereupon, it was protested, at the request of one H. H. Epping, agent, that notice of non-payment, on the same day, was given to the drawer and indorser, said C. A. Battle, by depositing a notice in the post-office, directed to him at Tuskegee, Alabama. The plaintiff proved

that Tuskegee was the place of defendant's residence at the maturity of the bill, and that the interest of the State of Georgia was seven per cent. This was all the evidence on the part of the plaintiff.

The defendant, then, under the plea of non-assumpsit, with leave to give any matter in evidence that would constitute a defense to the action, proved that said bill of exchange was drawn and indorsed in blank, in the State of Alabama, purely for the accommodation of the acceptors, (who were living and doing business in Columbus, in the State of Georgia,) without any consideration between them, and to enable the acceptors to raise money on the said bill; that said bill of exchange, when thus drawn and indorsed, was left in the hands of said acceptors by the defendant.

He also proved, that said H. H. Epping, named in the protest, was, at the maturity of said bill, the agent and officer of the said Union Bank, located in Georgia; that the acceptors were doing business as commission merchants, in Columbus, in the State of Georgia, at the time of the drawing and indorsing of the said bill of exchange, and at the maturity thereof.

He also further offered to prove, that before, and at the maturity of said bill of exchange, the said acceptors were indebted to him, the defendant, in a large sum of money, as much as five thousand dollars, and that this indebtedness remained unsettled at the time of the trial. To this evidence, the plaintiff objected, and the objection was sustained, and the evidence, thus offered, excluded, and the defendant excepted.

The evidence offered, and excluded by the court, on the objection of the plaintiff, should have been admitted. With the other evidence, it tended to show that the plaintiff was not a *bona fide* holder of the bill, and, therefore, to rebut the presumption that ordinarily prevails, that an indorsee of a bill of exchange is to be considered a holder for value.

On the evidence here set out, which the bill of exceptions says, was all the evidence in the case, the court, at the instance of the plaintiff, charged the jury, that if they believed the evidence, the plaintiff was entitled to recover

the amount of the bill, five per cent damages, and interest to the day of trial. To this charge the defendant excepted.

This charge was clearly wrong. Such a charge should rarely be given—never, except in a very clear case. Such a charge is too apt to interfere with the province of the jury. On the evidence given, and that improperly excluded, we think the verdict should have been for the defendant.

In the ordinary course of things, the holder of a bill of exchange is presumed to be, *prima facie*, a holder for value; and he is not bound to establish that he has given value for it, until the other party has established the want, or failure, or illegality, of the consideration.—Story on Bills, § 193.

When the drawer of a bill of exchange has proved that it was procured by fraud, or that there was a want or failure of consideration, the presumption that the indorsee paid value for it, is overcome, and it is, then, incumbent on him, to prove that fact before he can claim the protection which the law gives to an indorsee for value, without notice.— *Ross v. Drinkard, Adm'r*, 35 Ala. Rep. 434-441.

The evidence in this case, with that excluded by the court below, we think, tended very strongly to show, that the plaintiff did not acquire the bill, in the ordinary course of business, before maturity, for value, and without notice.

The presumption, therefore, that ordinarily prevails, in such cases, was overcome, and cast upon the plaintiff the burthen of showing that he was a *bona fide* holder of the bill, for value, and without notice.

Without such proof, he must be held to have taken the bill, subject to all its infirmities—all the defenses and equities that existed against it.

For the errors in sustaining the demurrer to the fifth plea, and in rejecting the evidence offered by the defendant, and objected to by the plaintiff, and, also, in the charge given to the jury, the judgment is reversed and cause remanded, at the costs of the appellee.