## HARLAND G. BACON *vs.* AMANDA G. HARRIS *et als.*

Bills and notes drawn, indorsed, or accepted for accommodation are subject to the general rule that one taking overdue negotiable notes takes them subject to all equities.

A demand note is overdue for purposes of negotiation unless negotiated within a reasonable time. What this reasonable time is, is a mixed question of law and fact, which, unless the facts are simple and undisputed, should be determined by a jury under proper instructions from the court.

A note made by a copartnership, payable on demand to one of the copartners, was indorsed by A. for the accommodation of the copartnership. Twenty-one months afterward it was negotiated by the payee. The note showed indorsements of interest paid up to a date later than the negotiation, but A. denied knowledge of such interest payments.

*Held*, that A., being accommodation indorser of the copartnership, would, if compelled to pay the note, be entitled to reimbursement from the copartnership. Hence the payee, a copartner, could not maintain an action against her.

*Held*, further, that A. was not liable to the holder unless the note was negotiated within a reasonable time.

*Held*, further, that the question of reasonable time was, in the circumstances, a question for the jury.

EXCEPTIONS to the Court of Common Pleas.

*July* 30, 1887. DURFEE, C. J. This is *assumpsit* on a promissory note for $2,800, dated at Providence, May 1, 1883, payable on demand to the order of A. S. Southwick, value received, with interest, and indorsed by Southwick. It was signed originally on its face by Harris, Van Nortwick & Co., and on its back by Amanda G. Harris. At the time it was given, the firm of Harris, Van Nortwick & Co. consisted of Joseph Harris, George W. Van Nortwick, and Andrew S. Southwick, the payee, and the action is brought by the plaintiff, as indorsee or holder, against them and Mrs. Harris, as makers. The defendants plead the general issue, but defence is made only by Mrs. Harris.

At the trial in the Court of Common Pleas it appeared in evidence that the note was given for $2,800 advanced in cash to the firm of Harris, Van Nortwick & Co., for the use of the firm exclusively, and that Mrs. Harris, who was the mother of Joseph Harris, one of the partners, put her name on the back at his request for accommodation; that Southwick continued to hold the note until February 11, 1885, making meanwhile indorsements thereon as follows, to wit: "Interest received in full to May 1st, 1884;" "Interest received to May 1st, 1885;" and that on February 11, 1885, he indorsed the note and delivered it to one Wes-

ley S. Block. Southwick testified that he received the interest the first year but not the second year, the interest for the second year being simply credited to him on the books of the firm ; that he did not notify Mrs. Harris of the indorsements, but supposed she knew of them, the books being open to her. Mrs. Harris testified that she knew nothing of the indorsements. There was also testimony going to show that February 11, 1885, the firm, then consisting of Harris and Southwick, Van Nortwick having retired, was insolvent, or on the verge of insolvency, and that on February 24, 1885, the copartners made a general assignment for the benefit of their creditors. Southwick testified that he indorsed the note because he had been told that it was not collectible in his hands, and because he had heard that Mrs. Harris intended to contest her liability to the utmost; also that he sold the note to Block for $500, considering that better than nothing ; that he received the money, or a check for the money, expecting to retain it, but Block wanted it again, as he was going West, and he gave it back, telling Block he could pay him on his return, but that Block had not repaid it. Block testified to the same effect, but added that it is now understood that he is to pay for the note when it is collected, and that if the note is collected he is also to pay a debt due from Harris & Southwick to his firm, less what is received by his firm under the assignment. He said that when he bought the note he knew that Southwick & Harris were embarrassed ; also that Mrs. Harris disputed her liability, and also that it was necessary for Southwick to get the note out of his hands to collect it. The plaintiff testified that he bought the note of Block for $2,100, but with a verbal understanding with Block at the time that, if he could not collect the note, he was not to lose anything by his purchase. Mrs. Harris testified that she put her name on the note, supposing that it was to be but for a short time, at the request of her son Joseph, who asked her to put it there for a short time.

The court instructed the jury that, unless they were satisfied upon the testimony that the transfers of the note to Block and Bacon were a mere device or scheme to enable Southwick to collect it, notwithstanding the obstacles to his suing in his own name, the plaintiff was entitled to recover, there being no equities attaching to the note which would preclude his so doing. The jury

returned a verdict for the plaintiff. The defendant petitions for a new trial, for the reason, among others, that the instruction aforesaid was erroneous.

We think the court below erred in supposing there were no equities attaching to the note. We think there were such equities. Mrs. Harris signed the note for the accommodation of the firm of Harris, Van Nortwick & Co. She was a mere voluntary surety as to them, and, if she were obliged to pay the note, she would be entitled to look to them for reimbursement. Clearly, therefore, Southwick, the payee, being himself a member of the firm, could not maintain an action against her, since she would be a voluntary surety for him as a member of the firm, as well as for the firm itself.

The general rule is, that he who takes a note after it is due takes it subject to all equities to which it was liable in the hands of him from whom he takes it. Two questions arise here, therefore, namely: *first*, Is the general rule applicable to a note like the one in suit? and if so, *second*, was the note overdue when it passed from Southwick to Block? As to the first question, Daniel, in his book on Negotiable Instruments, vol. i, § 726, says that in England it is held that the rule does not apply to bills and notes drawn, indorsed, or accepted for accommodation, it being considered that parties to accommodation paper hold themselves out to the public to be bound to every person who shall take the same for value, the same as if it were paid to themselves, though Mr. Daniel also says the earlier authorities were otherwise. But see *Parr* v. *Jewell*, 16 C. B. 684. The English rule has not been followed in this country. In *Chester* v. *Dorr*, 41 N. Y. 279, the court decided that an accommodation indorser, without consideration, of a promissory note, is not liable to a transferee of the note after maturity, although such transferee paid a full consideration; for the reason that it cannot be supposed that such an indorser intends to give the note currency by the loan of his credit for a period longer than it is to run according to its terms. In *Bower* v. *Hastings*, 36 Pa. St. 285, it was held to be a good defence to an action by an indorsee against the maker of a promissory note, that it was made for the accommodation of the payee, without consideration, and negotiated by him when overdue. The New York case and the

Pennsylvania case were both carefully considered on both reason and authority, and are entitled to the more weight because New York and Pennsylvania are the leading commercial states in this country. See, also, *Hoffman* v. *Foster & Co.* 43 Pa. St. 137. In *Kellogg* v. *Bayton*, 12 Allen, 527, the Supreme Judicial Court of Massachusetts decided in the same way, though apparently without special consideration or inquiry; and to same effect, see *Cummings* v. *Little*, 45 Me. 183, and *Battle* v. *Weems*, 44 Ala. 105. We know of no American case which directly applies the English rule, though there are American cases which refer to it as the rule. Of course it is highly important that the rule in this country should be uniform, and we therefore think that the rule laid down in the great commercial states of New York and Pennsylvania, the same being in our opinion just and reasonable, should be, as it probably will be, adopted in the other states.

Perhaps it may be objected that Mrs. Harris was not an accommodation maker for the payee, within the ordinary meaning of the terms. She was an accommodation maker for the payee only, because she was such for his firm; but she was not, in our opinion, any the less an accommodation maker for him on that account. The only way in which he could make the note available against her was by negotiating it; and, therefore, if it was his intention to negotiate it, it was incumbent on him to do so while it was current or before maturity.

We come to the second question: whether the note was overdue when it passed from Southwick to Block. The rule in this country is that a note payable on demand is overdue for the purposes of negotiation unless it is negotiated within a reasonable time; and what constitutes such reasonableness of time cannot be determined by any fixed and exact rule, but must depend upon the circumstances of each case. 1 Parsons on Notes and Bills, 375–379; *Herrick* v. *Woolverton*, 41 N. Y. 581; *Carll* v. *Brown*, 2 Mich. 401. It has been said that where the note is given for a loan of money, or is payable with interest, it may be presumed that an immediate demand was not within the contemplation of either party, and that, even after the lapse of months in some cases, the note may be considered as still not overdue. 1 Daniel Negotiable Instruments, §§ 607, 608. Whether what is reasonable time is a

question of law for the court, or a question of fact for the jury, is a matter which has been a good deal controverted ; but undoubtedly the better view is, that it is a mixed question of law and fact, and that, except where the facts are few, simple, and undisputed, in which case the court shall decide, it should be left to be decided by the jury under the direction of the court, upon the particular circumstances of the case. 1 Daniel on Negotiable Instruments, § 612 ; 1 Parsons on Notes and Bills, 269 ; *Wyman* v. *Adams*, 12 Cush. 210, 214. We think the question of reasonable time in the case at bar is a question for the jury under instructions from the court.

The point is made that the note here cannot be treated as overdue when it passed from Southwick to Block, because the interest thereon had at that time been paid in advance up to a later period. In reply to this we deem it sufficient to say that, if the payment of interest had this effect, it is because it changed the character of the instrument, converting it from a note payable on demand into a note not payable on demand during the period for which the interest was paid, and that, to hold Mrs. Harris after such a change, it would be necessary to show that she knew of or assented to, or in some way ratified, the change, or the payment which effected it ; and this Mrs. Harris, as we understand her testimony, denies. And see *Hosea* v. *Rowley*, 57 Mo. 357.

*Exceptions sustained.*

*Oscar Lapham*, for plaintiff.

*Walter B. Vincent & George B. Barrows*, for defendant, Mrs. Harris.