THE WARDER, BUSHNELL & GLESSNER COMPANY v. JAMES E. GIBBS.

*Bills and notes—Pleading—Amendment—Accommodation paper.*

1. Where a note given to one member of a firm is described in the declaration in a suit thereon as payable to the firm, in whose name he has indorsed it, and the variance is not discovered until after the note is received in evidence, it is within the power of the trial court to permit an amendment, and, as the defendant could not have been surprised by the course which the testimony took, the amendment will be treated as having been made; citing *Smith v. Pinney,* 86 Mich. 484; *Enright v. Insurance Co.,* 91 Id. 238.

2. An indorsement of a note, payable to one member of a firm, by him in the firm name, is sufficient to transfer the title.

3. An accommodation maker of a negotiable note, which has been discounted by the payee, who received the money upon it, is liable in a suit by a subsequent holder, who became the owner of the note after its maturity, in the absence of proof that the note has been paid.

Error to Jackson. (Peck, J.) Submitted on briefs May 13, 1892. Decided May 20, 1892.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Dwight D. Root,* for appellant.

*T. E. Barkworth,* for plaintiff.

MONTGOMERY, J. The plaintiff sued upon a promissory note, which reads as follows:

"$900.        JACKSON, MICH., Dec. 28, 1883.

"Six months after date I promise to pay to the order of J. H. Shiek nine hundred dollars, at the First National Bank of Corunna, Mich., value received, with interest at 8 per cent. per annum until paid.

"J. H. SHIEK."

On the margin was the following statement: "Collateral to 124, 557-8-9." On the back of the note was the following indorsement: "J. E. Gibbs;" also the following:

"For value received I hereby waive demand, protest, and notice of protestation of the within note.

"J. H. SHIEK & Co."

The plaintiff offered in evidence the note, proved that the indorsement was in the handwriting of J. H. Shiek, the payee, and rested. The defendant offered evidence tending to show that he signed the note for the accommodation of J. H. Shiek, and that plaintiff became the owner of it after maturity. The circuit judge directed a verdict for the plaintiff.

Two points are made by the defendant in this Court:

First, that, as the note set out in the declaration was one payable to the order of J. H. Shiek & Co., there was a variance between the note offered and the one introduced. This variance was not discovered until after the note had been received in evidence, and it was within the power of the court to permit an amendment,

and, as the defendant could not have been surprised by the course which the testimony took, we can treat the amendment as having been made. *Enright v. Insurance Co.,* 91 Mich. 238; *Smith v. Pinney,* 86 Id. 484. As the indorsement was shown to have been in the handwriting of Shiek, it was sufficient to transfer the title.

The defendant's further contention is that, having shown that he signed this note for the accommodation of Shiek, it is incumbent upon the plaintiff to show affirmatively that it bought it, and paid value for it. But the defendant's testimony went further than this, and showed that the note was discounted at the First National Bank of Corunna, and that Shiek received the money on it. This, in the absence of any showing that the note had been paid, entitled the present holder to recover upon it.

The judgment will be affirmed, with costs.

The other Justices concurred.