Black vs. Tarbell.

BLACK, Respondent, vs. TARBELL, Appellant.

*January 10 — February 5, 1895.*

*Promissory notes: Accommodation paper:* Bona fide *holder.*

1. Where an accommodation indorser of a note indorses successive notes in renewal thereof, each as the previous note becomes due, his liability will be regarded as a continuous one without *hiatus.*
2. One to whom an accommodation note is transferred in good faith before due as collateral security against his pre-existing liability as indorser of another note, and who in consideration of such transfer definitely extends the duration of his liability by indorsing a renewal of such other note, is a *bona fide* holder of the accommodation note for value before due.
[3. Whether the transferee of accommodation paper must be a *bona fide* holder before due in order to recover upon it, not determined.]

APPEAL from a judgment of the superior court of Milwau-kee county: J. C. LUDWIG, Judge. *Affirmed.*

Action on a promissory note. The facts are that on the 28th or 29th of December, 1892, the plaintiff indorsed for accommodation a $10,000 note of Lappen & Co., maturing January 14, 1893. This note was discounted by Lappen & Co. at the bank, and on the day before it fell due, Lappen & Co. not being able to pay it, *Black* indorsed a renewal note for $10,000, due in two months, receiving at the same time, as collateral to this indorsement, the note in suit. The note in suit is an accommodation note, executed by defend-ant, *Tarbell*, to Lappen & Co., December 28, 1892, for $5,000, due sixty days after its date. The renewal note which *Black* had indorsed was taken by Lappen & Co. to the bank and used to take up the note first above described. On March 16, 1893, when the renewal note of January 13th fell due, Lappen & Co. could not pay it; and the plaintiff indorsed another renewal note for $10,000, due in two months, which was used to take up the note of January 13th at the bank. *Black* retained the note in suit, with certain other securities, as collateral. Lappen & Co. failed May 12, 1893, and the plaintiff was compelled to and did take up and pay the $10,000 note which he indorsed March 16, 1893, and has received no reimbursement therefor. He brings this action to recover of *Tarbell* upon *Tarbell's* accommoda-tion note so held by him as collateral.

Trial by jury was waived, and the action tried by the court. The court made findings containing the foregoing facts among others not necessary to be stated. From judg-ment for the plaintiff the defendant appeals.

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *A. N. Mc-Geogh* and *J. G. Flanders.* To the point that one who takes accommodation paper after its maturity cannot recover thereon against the accommodation maker, they cited *Ches-*

*ter v. Dorr*, 41 N. Y. 279; *Coghlin v. May*, 17 Cal. 515; *Bower v. Hastings*, 36 Pa. St. 285; *Parr v. Jewell*, 16 C. B. 684; *Hoffman v. Foster & Co.* 43 Pa. St. 137; *Battle v. Weems*, 44 Ala. 105; *Baron v. Harris*, 15 R. I. 599; *Cummings v. Little*, 45 Me. 183; *Kellogg v. Barton*, 12 Allen, 527.

For the respondent there was a brief by *Rietbrock & Halsey* and *Fiebing & Killilea*, and oral argument by *L. W. Halsey* and *H. J. Killilea*. They argued, among other things, that where an accommodation note comes into the hands of an innocent purchaser for value, even after maturity, he may recover as against the accommodation maker. The great weight of authority in England and the United States sustains this doctrine. *Charles v. Marsden*, 1 Taunt. 224; *Carruthers v. West*, 11 Q. B. 143; *Stein v. Yglesias*, 3 Dowling Pr. 252; Byles, Bills (7th ed.), 170; *Sturtevant v. Ford*, 4 M. & G. 101; *Harrington v. Dorr*, 3 Rob. (N. Y.), 275; *Dunn v. Weston*, 71 Me. 270; *First Nat. Bank v. Grant*, id. 374; Redfield & B. Lead. Cas. 217; *Grandin v. Le Roy*, 2 Paige, 509; 1 Daniel, Neg. Inst. § 726; Story, Prom. Notes, § 191. And it is the settled law of this country that if the holder of accommodation paper acquired it after maturity from one who became a *bona fide* holder for value and without notice before maturity, the holder is protected and can enforce payment of the note. 1 Daniel, Neg. Inst. § 726a; *Woodman v. Churchill*, 52 Me. 58; *Roberts v. Lane*, 64 id. 108; *Bissell v. Gowdy*, 31 Conn. 48; *Wilson v. Mechanics' Sav. Bank*, 45 Pa. St. 494; *Bassett v. Avery*, 15 Ohio St. 299; *Peabody v. Rees*, 18 Iowa, 571; *Reichert v. Kœrner*, 54 Ill. 306; Story, Prom. Notes, § 194; *Koehler v. Dodge*, 31 Neb. 328.

WINSLOW, J. The appellant contends that *Black* is not a *bona fide* holder before due of the note in suit; and consequently that there can be no recovery on it, because it is accommodation paper. He says, in brief, that, if it be held

that the liability of *Black* as indorser upon the several notes which he indorsed is a continuous one, then such liability commenced December 28, 1892, when he indorsed the first note; and that, having received the note in suit January 13th, after his liability was fixed, he cannot be held a *bona fide* holder, as he neither advanced money nor incurred liability on the strength of the note, but only held it as collateral to a pre-existing liability. *Bowman v. Van Kuren*, 29 Wis. 209. On the other hand, he argues that if *Black's* liability as indorser was not continuous, but was a new and distinct liability arising at the time of each separate indorsement, then he must be held to have received the note in suit as collateral on the 16th of March, when he indorsed the last note; and, the note in suit being then past due, he is not a *bona fide* holder, and the defense that it was given only for accommodation may be successfully made.

We do not decide the question whether the transferee of accommodation paper must be a *bona fide* holder before due in order to recover upon it. Conceding this to be the case, we think that the facts show the plaintiff to be such a holder. We regard the plaintiff's liability as accommodation indorser upon the three notes which he indorsed as a continuous liability, beginning when he indorsed the first note, and ending when he paid the last one. The debt represented by the note was never paid. The second and third notes were simply renewals and not payments. There was never a moment after the plaintiff's first indorsement when he was not liable for the payment of the entire debt. There was no *hiatus;* no time when it could be said that his liability was at an end. True, there was a change in time when it fell due, but his agreement to pay Lappen's debt in case Lappen did not pay it remained the same, without break or change in essential character, continuously from first to last.

Now, if the plaintiff had received the collateral note in suit after his indorsement was made and his liability fixed,

no other fact appearing, he would not be a *bona fide* holder for value. But it affirmatively appears that, in consideration of the receipt of this collateral, he definitely extended the duration of his liability, and so the case comes within the first rule laid down in *Bowman v. Van Kuren*, 29 Wis. 219. The note was transferred, not only as collateral to a pre-existing obligation, but in consideration of a definite extension of the duration of such obligation. This makes the plaintiff clearly a *bona fide* holder for value before due, and precludes the defense which the defendant attempts to make here. *Body v. Jewsen*, 33 Wis. 402–409.

*By the Court.*— Judgment affirmed.