MARLING, Appellant, vs. JONES and another, Respondents.

*January 28—February 16, 1909.*

*Bills and notes: Accommodation paper: Consideration: Transfer after maturity: Rights of holder: Mortgages: Assignment: Failure to record: Payments: Rights of subsequent purchaser in good faith.*

1. No consideration moving to the accommodation maker is necessary to uphold an accommodation note, the consideration supporting his promise being that parted with by the person taking the note and received by the person accommodated.

2. The maker of an accommodation note cannot defend against it on the ground that the holder other than the person accommodated, whether indorsee or transferee for value, knew before and when he took the note that the accommodation maker received no consideration.

3. The agency of the party accommodated to negotiate an accommodation note and raise money thereon does not, in the absence of express agreement, expire at the maturity of the note; and the mere fact that the transfer to a holder for value was made after the note became due does not permit the accommodation maker to defeat recovery at the suit of such holder

merely upon the ground that there was no consideration moving to the accommodation maker.

4. The indorsee of a negotiable note and mortgage may safely hold possession thereof without recording his assignment, and, nothing else appearing, he will be protected against payments by the debtor to the original mortgagee who has not possession of the note and mortgage.

5. But it is otherwise as against one who purchases the mortgaged land in good faith and for a valuable consideration without notice of the assignment, and who receives from or through the vendor, at the time of his purchase and as part of the same transaction, a conveyance of the land and a satisfaction of the mortgage by the apparent owner of record. Against such a purchaser who places his deed and satisfaction of mortgage on record before the assignment of the mortgage is recorded, the assignee is estopped to assert his mortgage lien.

6. The mere fact that the deed delivered to such a purchaser simultaneously with the satisfaction of mortgage and as part of the transaction excepted the mortgage from the covenant against incumbrances, did not put him in the position of a debtor paying the mortgage debt.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Modified and affirmed.*

The appeal is from a judgment dismissing the plaintiff's complaint in an action to foreclose a mortgage.

For the appellant there was a brief by *Goff, Hayes & Hannan,* and oral argument by *Guy D. Goff.* Among other authorities, they cited *Cooper v. Jackson,* 4 Wis. 537; *Prutsman v. Baker,* 30 Wis. 644; Wiltsie, Mortgage Foreclosures, § 395; *Reichert v. Neuser,* 93 Wis. 513, 67 N. W. 939; *Cleveland v. Southard,* 25 Wis. 479; 3 Pom. Eq. Jur. § 1205; *Winkelmann v. Brickert,* 102 Wis. 50, 78 N. W. 164; *Loizeaux v. Fremder,* 123 Wis. 193, 101 N. W. 423; *Marling v. Nommensen,* 127 Wis. 363, 106 N. W. 844; *Nix v. Wiswell,* 84 Wis. 334, 54 N. W. 620.

*C. E. Estabrook,* for the respondent *Jones,* cited *Remington v. Detroit D. Mfg. Co.* 101 Wis. 307, 309, 77 N. W. 178; *Breitengross v. Farr,* 100 Wis. 215, 216; *Cawley v.*

*Kelley,* 60 Wis. 315, 319; *Mason v. Beach,* 55 Wis. 607, 612; 1 Jones, Mortg. § 859; *Fred Miller B. Co. v. Manasse,* 99 Wis. 99, 102; *Central Bank v. Copeland,* 18 Md. 305, 81 Am. Dec. 597; *Croft v. Bunster,* 9 Wis. 503; *Owen v. Evans,* 134 N. Y. 514, 31 N. E. 999; *Wilson v. Ott,* 173 Pa. St. 253, 34 Atl. 23, 51 Am. St. Rep. 767; *Foster v. Mc-Guire,* 96 Ga. 447, 23 S. E. 398; *McKenna v. Kirkwood,* 50 Mich. 544; *Bacon v. Harris,* 15 R. I. 599, 10 Atl. 647; 27 Cyc. 1320, subd. 3, and cases cited; 35 Am. Dig. (Cent. ed.) § 1212, col. 1946.

For the respondent *Lindsay* there was a brief by *M. H. Brand,* attorney, and *Frank T. Boesel,* of counsel, and oral argument by *Mr. Boesel.* They cited, besides other cases, sec. 2241, Stats. (1898); 1 Am. & Eng. Ency. of Law (2d ed.) 364; *Hodge v. Wallace,* 129 Wis. 84, 108 N. W. 212; secs. 1676—22, 1675—54, Stats. (Supp. 1906); *Butler v. Bank of Mazeppa,* 94 Wis. 351, 68 N. W. 998; *Griswold v. Nichols,* 117 Wis. 267, 94 N. W. 33; *Kellogg v. Fancher,* 23 Wis. 21; *Grand Rapids Nat. Bank v. Ford,* 143 Mich. 402, 107 N. W. 76; *Marling v. Nommensen,* 127 Wis. 363, 369, 106 N. W. 844; *Friend v. Yahr,* 126 Wis. 291, 301, 104 N. W. 997; *Bautz v. Adams,* 131 Wis. 152, 111 N. W. 69; *Bennett v. Keehn,* 67 Wis. 154, 29 N. W. 207, 30 N. W. 112.

Timlin, J. The findings establish that on September 21, 1898, *Everett H. Jones* executed his promissory note for $2,000 payable two years after date to the order of Henry Herman and bearing interest, and at the same time and as security for the payment of the note executed a mortgage to Henry Herman in due form upon lots 11, 12, 13, 14, 15, 16, 17, 18, and 19 in block No. 1, Lindsay's subdivision in the Seventeenth ward of the city of Milwaukee, which mortgage was recorded on September 22, 1898, in the proper office. *Jones* executed and delivered this note and mortgage

to Herman with the understanding that Herman would negotiate the same and raise money thereon, but *Jones* received no consideration and the note and mortgage were executed by him merely for the accommodation of Henry Herman. June 2, 1901, *Jones* conveyed the mortgaged premises subject to this mortgage of $2,000 to one Raymond, the confidential agent for Henry Herman, who was acting for the latter in all the transactions herein mentioned. This deed was recorded February 11, 1902, in the proper office. *Jones* never had or claimed any real interest in or to the mortgaged property. April 2, 1902, Henry Herman assigned to the plaintiff's assignor, under whom she claims, and after it was past due, the note and mortgage aforesaid, and indorsed the note, and delivered the instruments so assigned and indorsed to plaintiff's assignor as collateral security to a promissory note of $2,000 then executed for value by Henry Herman to plaintiff's assignor and bearing even date with said assignment. This assignment was not recorded until April 16, 1903. October 16, 1902, Henry Herman delivered to the defendant *Lindsay* a warranty deed of the mortgaged premises running from Raymond to *Lindsay,* containing the statement in the covenant against incumbrances that the mortgaged premises were free and clear of all incumbrances whatever, except one mortgage for the sum of $2,000. This deed was dated and acknowledged February 28, 1902, and recorded in the proper office October 17, 1902. On October 16, 1902, at the time of the delivery of the deed to *Lindsay.* Herman also delivered to *Lindsay* a satisfaction piece or release in writing of the mortgage first mentioned, which release is dated October 16, 1902, and was recorded October 17, 1902, in the proper office. The consideration of this conveyance of land and satisfaction of mortgage to the defendant *Lindsay* was that *Lindsay* credited Henry Herman with a payment of $2,475 on a note of $4,500 dated November 27, 1900, belonging to *Lindsay* upon which Herman was

liable as indorser. *Lindsay* took possession of the premises in question immediately after the transfer and paid the taxes thereon since said date. The transaction between Herman and *Lindsay* was at one and the same time a purchase of the lots from Herman by *Lindsay* for $2,475 and a payment of the mortgage of $2,000 thereon by *Lindsay,* both incidents being part of the same transaction. *Lindsay* had no knowledge or information of any kind of any claim by the plaintiff's assignor to the premises. He acted in good faith and relied upon the record title to the premises with respect to the title as well as to the mortgage; but he did not require the production of the note and mortgage in question and the same were not produced. There is due and owing to the plaintiff upon the note in question $2,575, and, except as hereinbefore stated, no part has ever been paid.

In addition to these findings of fact the undisputed evidence showed that the lots in question were, at the instance and request of Herman, conveyed by the National Realty Company to *Jones* immediately prior to the execution of the note and mortgage in question by *Jones* and for the purpose of having *Jones* execute the mortgage thereon as an accommodation to Herman.

As conclusions of law from the foregoing facts the court below found that the note and mortgage executed by the defendant *Jones* are void for want of consideration, but that the defendant *Lindsay* is estopped to set up this invalidity because *Lindsay* purchased the mortgaged premises subject to the mortgage; that the plaintiff's assignor and the defendant *Lindsay* were negligent in their dealings with Henry Herman in the matters herein involved—plaintiff's assignor in not recording his assignment after the same was delivered to him, and *Lindsay* in not demanding the note and mortgage in question at the time the release of the mortgage and warranty deed to the lots were delivered to him; that the plaintiff cannot come into equity asking relief because his negligence

was prior to and greater than that of the defendant *Lindsay;* that the defendants, *Jones* and *Lindsay,* are entitled to judgment dismissing the plaintiff's complaint with costs.

The reasons given in the foregoing conclusions of law do not meet the approval of this court, but we review results, not reasons assigned.

Was the action properly dismissed as to *Jones?* No consideration moving to the accommodation maker is necessary to uphold an accommodation note. The very name of the paper suggests this. The consideration in such case which supports the promise of the accommodation maker is that parted with by the person taking the accommodation note and received by the person accommodated. Nor is it any defense by the maker of an accommodation note that the taker other than the person accommodated, whether indorsee or transferee for value, knew before and when he took the note that the accommodation maker received no consideration. This would be merely showing that such taker, indorsee, or transferee knew that it was an accommodation note. If this were sufficient to defeat the note there could be no such thing as accommodation paper, except in cases of ignorance of this fact on the part of the taker, indorsee, or transferee, and this would be contrary to common experience, and avoid many of the daily transactions in banking and other branches of business. Sec. 1675—55, Stats. (Supp. 1906). But the accommodation note in question was transferred by the party accommodated, namely, the payee therein, after it became due. Does this circumstance permit the accommodation maker to avoid the note on the ground that he received no consideration? If the effect of a transfer after due is merely to leave the transferee subject to notice or knowledge of the true circumstances attending the execution of the note in question, and for this reason subject him to defenses, then, as actual knowledge that the note was accommodation paper would be no defense by the accommodation maker as against the trans-

feree for value from the party accommodated, it would seem
that it could make no difference in the liability of the accom-
modation maker upon this ground whether the note was trans-
ferred before or after due.   Aside from this imputed notice
or knowledge, or actual notice or knowledge, it is not true that
the taker for value from the party accommodated stands in
the shoes of the latter.   The difference between them is that
one has parted with value for the note and the other has not.
In neither case has the maker received a consideration mov-
ing to him.   So that between the party accommodated and
the accommodation maker there is no consideration parted
with or received by either, while between the transferee for
value and the accommodation maker there is a consideration
moving from the former at the instance of the latter sufficient
to support the contract.   There is considerable conflict among
the decisions on this point, and those text-writers who profess
to have made a thorough examination of the cases seem to in-
cline to the belief that the weight of authority upholds the
view that the transferee of accommodation paper after due
may enforce the same against the accommodation maker.
Joyce, Defenses to Comm. Paper, § 282 (1907) ; 1 Dan. Neg.
Inst. (5th ed.) § 726 (1903) ; 2 Randolph, Comm. Paper
(2d ed.) § 677 (1899) ; Story, Prom. Notes (7th ed.) § 194
(1878) ; 2 Parsons, Notes & Bills, p. 29 (1865) ; *Mersick v.
Aderman,* 77 Conn. 634, 60 Atl. 109 ; *Black v. Tarbell,* 89
Wis. 390, 61 N. W. 1106; 1 Am. & Eng. Ency. of Law (2d
ed.) 364.

The uniform Negotiable Instrument Law (secs. 1675 to
1684—7, Stats.: Supp. 1906) enacted by the legislature of
this state, and in like manner adopted by thirty-four states of
the Union and by Congress for the District of Columbia in
the effort to bring about more uniformity of decision regard-
ing these instruments of commerce, appears to distinguish
between a holder for value and a holder in due course.   Bran-
nan, Neg. Inst. Law (1908) ; Bunker, Neg. Inst. Law

(1905). Sec. 1675—55, Stats. (Supp. 1906), defines who is an accommodation party, and provides that such party is liable on an instrument to a holder for value notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party. Sec. 1675, Stats. (Supp. 1906), defines "holder" to mean the payee or indorsee of a bill or note who is in possession of it, or the bearer thereof, and defines "value" to mean a valuable consideration. On the other hand a holder in due course is defined in sec. 1676—22, Stats. (Supp. 1906), to be one who has taken the instrument under the following conditions: (1) That it is complete and regular upon its face; (2) that he became the holder before it was overdue and without notice that it had been previously dishonored, if such was the fact; (3) that he took it in good faith and for value; (4) that at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it; (5) that he took it in the usual course of business.

In the hands of a holder otherwise than in due course such note is subject to the same defenses as if the notes were not negotiable. Sec. 1676—28, Stats. (Supp. 1906). A negotiable instrument is discharged by the payment in due course by the party accommodated. It is not discharged by payment by a party secondarily liable thereon, but remits such party to his rights against him primarily liable (sec. 1679—2, Stats.: Supp. 1906) except where it is made for accommodation and paid by the party accommodated (Id.) On the other hand there are the cases of *Chester v. Dorr,* 41 N. Y. 279; *Peale v. Addicks,* 174 Pa. St. 543, 34 Atl. 203; *Bacon v. Harris,* 15 R. I. 599, 10 Atl. 647; *Battle v. Weems,* 44 Ala. 105; and *Simons v. Morris,* 53 Mich. 155, 18 N. W. 625. See, however, in Alabama the later case of *Connerly v. Planters' & M. Ins. Co.* 66 Ala. 432; in Michigan the later case of *Warder, B. & G. Co. v. Gibbs,* 92 Mich. 29, 52 N. W. 73.

No doubt there exists a class of defenses in favor of the accommodation maker of negotiable paper which may not be urged in cases where the note is fair on its face and negotiated in due course before due to a purchaser for value without notice or knowledge of any infirmity, but which might be urged in favor of the accommodation maker if the note were overdue when negotiated. But the fact that the accommodation maker received no consideration is not one of these defenses so long as the note was negotiated by his express or implied authority. The fact is here established that this note was in its inception accommodation paper. *Jones* made to Herman no express restriction upon its use for that purpose. We do not overlook the testimony of Brand with reference to conversations between him and Herman not in behalf of *Jones,* which the court below from its findings must have rejected as incredible. We approve this rejection. The testimony is overborne by the circumstantial evidence. It is a question upon which the precedents are at some variance whether or not the agency of the party accommodated to use the accommodation paper to raise money thereon (no express agreement appearing) expires with the maturity of the paper. The greater number of courts seem to favor the view that the agency to negotiate an accommodation paper and raise money thereon is not so limited. See citations *supra.*

The courts of this state are not yet committed upon the question presented, and it seems more in harmony with the uniform Negotiable Instrument Law and with the weight of judicial authority to hold, as we do, that the mere fact that the accommodation note was transferred by the party accommodated after due to a holder for value does not permit the accommodation maker to defeat recovery at the suit of the holder for value merely upon the ground that the note was an accommodation note and without consideration moving to the accommodation maker. This necessitates a modification of

the judgment of the court below so as to permit the appellant to take judgment against the accommodation maker, *Jones.*

Upon the question of the right of the appellant to foreclose the mortgage against the mortgaged premises different questions arise. The findings of the court below, based on sufficient evidence, establish that the transaction between *Lindsay* and Herman which resulted in *Lindsay* receiving from Raymond, at Herman's request, a warranty deed of the mortgaged premises, with covenant against incumbrances except the mortgage in question, and in receiving from Herman a satisfaction of the mortgage in question, was a single transaction—at one and the same time a purchase of the lots by Herman from *Lindsay,* and a payment of the mortgage of $2,000 thereon in consideration of $2,475 of pre-existing debt then and there and by that transaction paid and discharged. *Griswold v. Nichols,* 117 Wis. 267, 94 N. W. 33.

Within the rule of *Marling v. Nommensen,* 127 Wis. 363, 106 N. W. 844; *Friend v. Yahr,* 126 Wis. 291, 104 N. W. 997, and other cases, *Lindsay* was a purchaser of the real property. The fact that the deed delivered to him simultaneously with the satisfaction of mortgage and as part of the transaction excepted this mortgage from the covenant against incumbrances was not sufficient to put *Lindsay* in the position of a debtor paying a mortgage debt. It, with the abstract, merely charged him with notice of the existence of the mortgage and the name of the mortgagee from whom he procured the satisfaction piece. His rights must be determined by the rule of the cases last cited rather than by the rule of *Bartel v. Brown,* 104 Wis. 493, 80 N. W. 801. He is entitled to the protection which the statute gives to purchasers without notice, because it is found that he purchased in good faith for a valuable consideration without knowledge of the outstanding assignment of the mortgage to plaintiff's assignor, and first placed his deed and satisfaction of mortgage

upon record, and as against such purchaser the assignee of the mortgage who fails to record his assignment is estopped to assert his mortgage lien. *Friend v. Yahr, supra.* It is not a question of comparative negligence between plaintiff's assignor and *Lindsay.* The indorsee of a negotiable note and mortgage may safely hold possession of that mortgage and note without recording his assignment, and, nothing else appearing, he will be protected against payments by the debtor to the original mortgagee who has not possession of the note and mortgage. But it is otherwise as against a purchaser of land who purchases in good faith and for a valuable consideration without notice of the assignment, and who receives at the time of his purchase and as part of the same transaction a conveyance of the land and a satisfaction of the mortgage by the apparent owner of record from or through the vendor. *Marling v. Nommensen, supra.* We are not then merely dealing with the rights of debtors and holders of negotiable paper, but with those of purchasers of real estate.

*By the Court.*—The judgment of the circuit court is ordered modified so as to provide for judgment in favor of the plaintiff and against the defendant *Jones* for the amount found due the plaintiff, but not exceeding the amount due from *Jones* upon the note executed by him to Herman, costs in the discretion of the court below; and the judgment is in other respects affirmed; costs of this court in favor of appellant against both respondents.