## BUCHANAN v. RANDALL.

The findings of the trial court on disputed questions of fact are presumptively right, and must stand unless the evidence clearly preponderates against them.

Where, in an action against a broker for failing to account for a part of the price received by him, the issue was whether the broker sold the land to the purchaser through a third person as his agent, or whether he sold it to the third person who resold it to the purchaser, evidence of the value of the property at the time of the sale was immaterial.

A question asking a purchaser to state whether or not he purchased the property from a person named called for a conclusion of the witness, and an objection to it was properly sustained.

Where a witness on his direct examination only testified concerning what he paid for property purchased by him, a question on cross-examination as to whether or not he purchased the property from a person named was not proper cross-examination.

Where, in an action against a broker for conversion of a part of the price of land received by him, the issue was whether the broker sold the land to a purchaser through a third person as his agent, or whether he sold it to the third person who resold it to the purchaser, the exclusion of testimony that the broker did not sell the land to the purchaser was not prejudicial, especially where the broker was subsequently allowed to state that he did not enter into any contract or negotiate any sale to the purchaser.

Where a defense was not included in the answer, and no finding relating thereto was requested in the trial court, and a contention based on the defense was not embraced by the assignments of error, the contention based on such defense was not reviewable on appeal.

Fuller, P. J., dissenting.

(Opinion filed, October 30, 1906.)

Appeal from Circuit Court, Miner County. Hon. CHARLES S. WHITING, Judge.

Action by Alexander G. Buchanan against G. H. Randall. From a judgment for plaintiff, defendant appeals. Affirmed.

T. H. Null and A. H. Wilson, for appellant. Wood & Fairbank and Boyce & Warren, for respondent.

HANEY, J. The learned circuit court decided that the defendant was the duly appointed and authorized agent of the plaintiff for the sale of two quarter sections of land in Miner county belonging to the latter; that he sold the land for $4,800, receiving $1,200 in cash, two notes of $900 each secured by first mortgages upon the land, and two notes for $900 each secured by second mort-

gages upon the land; that the defendant accounted to his principal for $2,800; that the remaining $2,000, consisting of $200 in cash and two notes of $900 each, secured by second ʻmortgages, were converted by the defendant to his own use; and that the plaintiff was entitled to recover $2,000, with interest from May 1, 1900. Judgment having been accordingly entered, and an application for a new trial denied, the defendant appealed.

It is not disputed that Pullen and Baldwin, to whom the land was conveyed by the plaintiff, gave $1,200 in cash, two notes of $900 each secured by first mortgages, and two notes for $900 each secured by second mortgages on the land; that the notes secured by first mortgages were drawn payable to the plaintiff, to whom they were delivered by the defendant; that the notes secured by second mortgages were drawn payable to the defendant, by whom they were assigned to one B. S. Harrison; and that the plaintiff received $1,000 in cash, less certain commissions and expenses— it being contended by the defendant that he sold the land to Harrison for $2,800, who sold it to Pullen and Baldwin at an advance of $2,000, to whom conveyances were made, and that Harrison alone was interested in and owned the whole of that amount. On the other hand, the plaintiff contends that Harrison was the agent of the defendant; that in fact there was no sale to Harrison, but that the pretended sale to him was a device to avoid the effect of defendant's failure to account for the entire proceeds of the sale. Upon this, the only issue of fact raised by the pleadings, the court found in favor of the plaintiff. The findings of a trial court on disputed questions of fact are always presumptively right, and though, under our statute, not as controlling upon this court as the verdict of a jury, must stand unless the evidence clearly preponderates against them. In re McClellan Estate, 20 S. D. 498, 107 N. W. 681. In view of all the circumstances disclosed by the testimony, which has received careful consideration, we cannot conclude that there is a clear preponderance against the findings of the learned circuit judge.

The contention that the court erred in excluding evidence as to the value of the property at the time of the sale is untenable. Such evidence was wholly immaterial. The plaintiff was entitled

to the proceeds of the sale, less the agreed commissions, regardless of the value of the property, and its value was not a circumstance which could have influenced the mind of the trial judge in determining whether Harrison bought and resold the property or only acted as defendant's agent. Pullen, one of the purchasers of the property, was asked to state on cross-examination whether or not he purchased the land from the defendant. To this the plaintiff objected as incompetent, not cross-examination, and not the best evidence. The objection was sustained. In order to reserve an available exception to the exclusion of evidence a proper question must be asked. 8 Ency. Pl. & Pr. 236. This question called for the conclusion of the witness. Moreover, it was not proper cross-examination, as the witness on his direct examination testified only concerning what he paid for the property. Defendant, as a witness on his own behalf, was asked to relate a conversation between himself, Harrison, Pullen, and Baldwin, prior to the sale, which was excluded on plaintiff's objection. If there was error in this ruling it was clearly not prejudicial. The excluded testimony could have served no other purpose than to show that defendant did not sell the land to Pullen and Baldwin, and he was subsequently allowed to state that he did not at any time enter into any contract with or negotiate any sale to either of them.

The contention that the plaintiff should not recover because he received the full amount for which he consented to sell the land is untenable, notwithstanding testimony was admitted which tended to prove that he informed defendant that if the latter was not satisfied with the commission agreed upon he should get one out of the purchaser, for the reasons, if no other, that such defense was not included in the answer, no finding relating thereto was requested in the court below, and the contention is not embraced by the assignments of error in this court. As the action was tried below it presented but one material issue of fact, namely, whether the defendant sold the land to Pullen and Baldwin, through Harrison as his agent, or whether he sold it to Harrison, who resold it to other parties. This was the issue tendered by the defendant, upon which the trial court found against him, and its finding must stand.

The judgment and order appealed from are affirmed.

FULLER, P. J., dissents.