## MALLOY v. CHICAGO, M. & ST. P. RY. CO.

Instructions not excepted to are the law of the case upon appeal.

Evidence in an action for injuries in a railroad crossing accident held to support a finding that plaintiff did not drive into a place of danger, but that when driving along a place of safety, and under circumstances that would ordinarily have carried him across the track ahead of the engine, such place was suddenly converted into one of danger by the unexpected blowing off of steam by an engine on the opposite side of the crossing, which caused plaintiff's team to stop, diverted his attention to the team, and delayed his progress until the engine struck him.

(Opinion filed, May 28, 1910.)

Appeal from Circuit Court, Lake County. Hon. JOSEPH W. JONES, Judge.

Action by Frank Malloy against the Chicago, Milwaukee & St. Paul Railway Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

*Geo. R. Farmer* and *Chas. E. Vroman* (*J. D. Elliott, of counsel*), for appellant. *Chas. J. Porter* and *Aiken & Judge*, for respondent.

WHITING, P. J. This action was brought to recover damages which plaintiff had suffered through injuries received to his person and personal property from one of defendant's engines colliding with the team and wagon of plaintiff; plaintiff being in said wagon at the time of such collision. The verdict and judgment in the trial court being in favor of plaintiff, and a new trial having been denied, the defendant has appealed to this court from such judgment and order denying a new trial.

This collision occurred while the plaintiff was attempting to drive across the railroad yards of defendant company in the city of Madison, S. D.; plaintiff being at the time on one of the streets of said city crossing such yards. It was the claim of plaintiff that the collision was caused by the negligence of the defendant. The defendant denied any negligence on its part, and pleaded that the accident was caused through the negligence of the plaintiff. The evidence admitted on the part of both the plaintiff and defendant shows that the defendant, through its employes, was guilty of the most gross negligence, negligence showing an utter

disregard of the rights of the public. The case, therefore, turns solely upon the question of whether the cause of the accident was contributed to through negligence on the part of plaintiff. This question of contributory negligence depends entirely upon whether or not the plaintiff was negligent in driving onto the track where the accident occurred. To our minds the evidence was ample to prove a situation fully justifying a reasonably prudent man in passing upon the tracks of defendant in the manner and at the time the plaintiff drove upon same. There was ample evidence which, if believed, would have warranted the jury in finding that the plaintiff had looked and observed the engine which caused the injury, and saw it at such distance and in such a condition as might lead a reasonably prudent man to decide that he had ample time to pass over the tracks before such engine could reach him, even if it had appeared clearly that such engine was moving in plaintiff's direction.

But the court, in its instructions to the jury, which instructions do not appear to have been excepted to by either party, laid down the law in this case, and which law must stand as the law upon this appeal, making it unnecessary for us to consider the many authorities cited by the parties hereto; and by such instructions the court practically directed the jury to find a verdict for the defense, unless such jury should find that the plaintiff was excused, from what it instructed would otherwise be negligence upon his part, by having his attention diverted from the engine which caused the accident by steam emitted from one or more engines standing on the opposite side of the street from that on which the engine causing the accident came. The court, in brief, instructed the jury that if, before the plaintiff was placed in a position of danger, his attention was diverted by the blowing off of such steam from the other engine or engines, and the blowing off of the steam was such that a man of ordinary prudence, situated as plaintiff was, would have allowed the same to divert his attention from the direction from which the engine causing the accident came, and that through such diversion plaintiff failed to see the approach of the engine which caused the injury, in such

case, if the jury found that defendant's negligence was the cause of such injury, it should find in favor of the plaintiff.

No useful purpose would be subserved by reviewing the testimony submitted upon this phase of the case. Defendant claims that, even taking the evidence of the plaintiff himself, it shows plaintiff had driven upon the track and was within the "zone of danger" before his attention was diverted by the other engines, if it ever was so diverted, and that, therefore, the rule of law as to diversion of attention had no application. The expression "zone of danger" is apt to mislead, by implying that there is some space of territory that, in its very nature, is dangerous. Such construction of this phrase would certainly be wrong as applied to the facts in this case. A railroad crossing is not per se a place of danger, as would be a roadway for teams crossing through a swiftly flowing stream; but such a crossing usually becomes a place or zone of danger only in connection with the rolling stock of the railroad company. It is only owing to the dangerous proximity of a moving car or engine, or of such an agency as an engine whistling or blowing off steam, that the crossing in the case at bar could become a place of danger. The evidence, upon the part of the plaintiff, showing, as it did, that the engine which caused the accident was, when plaintiff drove upon these tracks, at such a distance from the crossing as rendered the crossing a safe place to drive, so far as danger from such engine was concerned, and the engine to the right of the track being standing still and making no noise, the jury was fully justified in finding that the plaintiff never drove into a place or zone of danger, but rather that, when driving along a place of safety and under circumstances that would in due and ordinary course have carried him beyond the scene of the accident well before the engine reached that point, this place of safety was suddenly converted into one of danger by the unexpected blowing off of steam by an engine on the right, which caused the plaintiff's team to stop in its course, diverted plaintiff's attention to the team and the only apparent danger, and delayed plaintiff's progress until the time of the collision. The evidence that the team

stopped is undisputed, and it is clearly apparent that, if it had not so stopped, the accident would not have occurred. Defendant, by allowing its engine to stand near the crossing, invited the public to use such crossing, with the implied guaranty that it would so handle such engine that it should not be converted into an instrument of danger without warning.

The judgment of the trial court is clearly correct, and such judgment and order denying a new trial are affirmed.