PIPER, Appellant, v. HAGEN, Respondent.

(146 N. W. 692.)

1.  **Promissory Note—Party's Interest in—Issues—Directing Verdict—Changing Issues—Prejudicial Error.**

    Where parties who had severally sued on a note, went to trial under a consolidation of the actions, the sole issue being, as held, as to what interest one of the parties had in the note, he having plead ownership of the note which was transferred to him. by the maker in consideration of services performed, and that the other party, who plead ownership under a purchase by him of the note at execution sale under a judgment against the maker, was not the owner, although admitting that such purchase was in fact made but that it passed no interest

because of the prior transfer, held, that under the issues so joined, and the evidence which showed that the party who had performed the services took the note as security therefor, the maker having been granted leave to bring into court the amount due, the trial court committed prejudicial error in directing the jury to find that the party performing the services was owner of the note and entitled to recover the amount of his proper charge for services performed, and that the balance of proceeds of the note was subject to the other party's rights as between him and the maker; that such instruction changed the issues and theory of the case, and that such issues did not require proof of levy and sale of the note under the execution.

2.  **Negotiable Instruments—Transfer to Indorsee—Prior Attachment—Dissolution of Attachment, Effect on Transfer—Good Faith Holder.**

   ·   Upon the issue whether a transfer of a promissory note was "in good faith for value," held, that an attachment of the note by a third party prior to the indorsement thereof constituted no obstacle to the free transfer thereof, where the attachment was subsequently dissolved.   ·

3.  **Same—Indorsement, Under Memorandum of Part Payment, Effect of—Receipt or Indorsement.**

   It is immaterial to the validity of a transfer of a promissory note, as between the parties themselves, that the transferrer's signature was indorsed on back of the note under a memorandum of several part payments, and at the time of making a part payment, it appearing that the parties considered the indorsements sufficient.

4.  **Same—Transfer—Necessity of Indorsement—Delivery for Value.**
   Delivery by payee of a note, for a valuable consideration, with intent to pass title, transferred title thereto, even without indorsement.   ·

(Opinion filed April 6, 1914.)

Appeal from Circuit Court, Beadle County.   Hon. ALVA E. TAYLOR, Judge.

Actions by J. R. Piper and O. S. Hagen against Harry J. Steele upon a promissory note in which Steele petitioned for leave to bring the amount claimed into court, and that his adversaries litigate between themselves; the actions being consolidated.   On the issues between Piper and Hagen, judgment, upon a directed verdict, was for Hagen, from which judgment, and from an order denying a new trial, Piper appeals.   Reversed, and new trial ordered.   ·

*A. W. Wilmarth,* for Appellant.

At the time Lucy A. Wade placed her name upon the note that signature was not an order upon H. J. Steele to pay an endorsee or holder of the note other than herself the consideration mentioned therein, consequently it was not an endorsement of the note. It was a receipt of payment. Middleton v. Griffith, 57 N. J. L. 442, (31 Atl. 405.)

It is the delivery of the note that passes the title and not the endorsement of or signature thereto. Brown v. Wilson, 45 S. C. 519, 56 Am. St. Rpts., 780.

The court erred in giving the instruction in question, as we contend, on the same ground that is alleged in opposition to the motion for a directed verdict, and on the further ground that the evidence shows that O. S. Hagen had no greater interest in this note than his legal services were worth.

There being a conflict in this testimony as to value of services, the appellant had the right to have the jury pass upon this testimony.

This case was tried upon the theory, that the only question was the establishment of a prior title as claimed by O. S. Hagen to this note, which was denied by J. R. Piper, and the interest, if any, which O. S. Hagen had in said note. There is no denial by O. S. Hagen to the facts as to the purchase of this note as alleged in the amended complaint of intervention of J. R. Piper.

As between the Wades, O. S. Hagen and J. R. Piper it is affirmatively alleged, that J. R. Piper bought the note on execution sale, and there is no denial of these allegations.

*O. S. Hagen,* Respondent pro se.

There is no evidence to show that appellant established, at any time, any right or ownership in said note. The possession of a negotiable instrument payable to the order of payee, and endorsed by him in blank is itself sufficient evidence of his right to demand payment. Parrish v. Dwinnell 128 N. W. R. 145 (S. D.)

No proper foundation having been laid for the requested instructions, relative to value of services, such instructions were improper.

One in possession of a note indorsed in blank is presumed to be the owner thereof, and possession of such note is prima facie

evidence of ownership. 8 Cyc. 229 (note 5) ; Shephard v. Hanson, 83 N. W. R. 20.

An indorsee before maturity of negotiable paper as collateral security to an indebtedness created concurrently with the delivery of such paper, and in consideration thereof, is an innocent holder for value. Second National Bank v. Werner 126 N. W. R. 100.

Under the law the note was either the property of respondent or it was the property of the appellant; and if appelant had established a superior title to respondent, respondent would have no claim upon it for any amount whatever.

POLLEY, J. [1] Appellant and respondent, each claiming to be the owner of a certain promissory note, commenced separate actions to recover thereon. Harry J. Steele, the maker of the note and the defendant in both actions, filed a petition in each action, asking to be allowed to deposit in court the amount due on the note; that the plaintiff in each action be required to interplead in the other; and that he be relieved from further liability in either action. These petitions were granted by the court, by the making of two separate orders. In the case of Piper v. Steele, the order substituted respondent as defendant in the place of said Steele and relieved said Steele from further liability to either appellant or respondent. Said order contained the further provision that: "If the said O. S. Hagen shall not appear and defend in this action within twenty days after service upon him of a copy of this order, together with a copy of the summons and complaint herein, the plaintiff may apply to the court for an order that the money so deposited be paid over to him." The order made in the case of Hagen v. Steele substituted appellant as defendant in the place of the said Steele and discharged Steele from further liability to either appellant or respondent. This order also contained the further provision that: "If the said James R. Piper shall not appear and defend in this action within twenty days after service upon him of a copy of this order, together with a copy of the summons and complaint herein, the plaintiff may apply to the court for an order that the money so deposited be paid over to him." The two actions were consolidated, for the purposes of trial, and, upon such trial, respondent was known as plaintiff and appellant as defendant. Prior to such trial, each party interposed

an answer in the action in which he had been directed to interplead.

Appellant, by his pleadings, claimed to have purchased the note in question at execution sale, while respondent based his right of recovery upon an alleged sale and delivery to him of the note by the owner thereof, long prior to the time that appellant claimed to have acquired his interest therein. The facts relative to respondent's right to recover on the note are as follows: He was a practicing attorney-at-law, and was conducting certain litigation then pending, for Chas. H. and Lucy A. Wade, the latter of whom was the payee named in the note. But the Wades were without funds with which to pay attorney's fees, costs, and other expenses incident to such litigation; and, in order to compensate respondent for his services and expenses to be incurred, the Wades, during the month of March, 1911, gave to respondent the note in question to be held by him as security for the value of his services and such expenses as might be necessary to carry on said litigation, but with the understanding that, if the value of such services, together with the expenses necessarily incurred, did not equal the proceeds of the note, then he was to pay over to Lucy A. Wade whatever excess there might be. Respondent fully performed the services for which he was employed, but the amount due him had not been determined up to the time of the trial. Evidence was introduced by both parties for the purpose of showing the amount due respondent from the Wades; and, under the issues made by the pleadings, the amount to which he was entitled was a question to be determined, under proper instructions, by the jury. But, instead of submitting this question to the jury, the court, over appellant's objections, instructed the jury to return the following verdict: "We, the jury, duly sworn and impaneled in this action, do hereby find as follows: We find that O. S. Hagen is the legal owner of the note in controversy and is entitled to recover in this action the amount of his proper charges for legal services and advances in the several actions between James R. Piper and Charles H. Wade and Lucy A. Wade, and that the balance of the proceeds of said note, after deducting for such services and advances, is subject to the rights of James R. Piper and Lucy A. Wade and Charles H. Wade." Upon an order to show cause, issued sometime after the return of said

verdict, the court determined the amount to which plaintiff was entitled, which amount exceeded the total amount due upon the note, and entered judgment in favor of plaintiff and against the maker of the note for the balance due on the note, with interest and costs that had accrued to the time of making the deposit in court, and against the appellant for the interest on said amount, and the costs that had accrued subsequent to the time of making the deposit.

The record of the trial, up to the time of giving said instructions to the jury, would indicate that all parties tried the case upon the theory that there was no issue raised as to the title of said note in any third party, and that the only question for determination was whether or not respondent had any right, title or interest therein, and, if so, the amount thereof. That the court considered this the only issue in this case is indicated by the provisions of the two orders of interpleader hereinbefore referred to, wherein the court seems to assume that it is only a question as to which one of these parties is entitled to the proceeds of this note. That this was the theory of respondent is shown from the pleadings herein. Appellant, in the action wherein he was plaintiff, had alleged the purchase of the said note upon an execution sale on a judgment against the Wades. The answer of respondent did not deny the sale of the note to appellant, but alleged that such sale did not pass title to appellant, and that appellant was not the owner and holder of said note. This allegation in the complaint and the answer thereto must be construed as an admission of the sale of said note and an allegation that title did not pass to Piper, owing to the fact that title to said note had already passed through Hagen. This position is strengthened by the following statement found in respondent's brief, wherein he is referring to his answer to that part of the complaint where appellant claimed ownership of the note in question by reason of the purchase at execution sale. Counsel say: "To which complaint respondent answered alleging that at the time of said sale and for a long time prior thereto he was the lawful assignee, owner and holder of said note, the same having been assigned to him before maturity for value, and that he was ever since and is now the owner thereof and rightfully entitled to its possession, and denies the ownership of said Piper." This

certainly indicates that respondent's counsel based his claim that Piper was not the owner, not upon the fact that there was no execution sale or that such sale was not regular and sufficient to pass title to the said note, if it was the property of the judgment debtors, but bases his claim that appellant did not become such owner solely upon the allegation that he himself had become the owner prior to the levy and sale. That this was the theory of respondent and that, prior to the direction of the verdict herein, respondent did not contend that there was any necessity for appellant to introduce proof of the levy and sale on execution but conceded that such levy and sale stood admitted, is indicated by the wording of respondent's motion for a directed verdict as made by respondent's counsel: "The plaintiff at this time moves the court to direct a verdict in his favor on the ground that the testimony shows that the note was in his possession and that he held it rightfully as security for legal services and advancements and that there has no testimony been offered impeaching his title or justifying the seizure and sale of the note on execution against the Wades." It will be seen, from the above, that it was respondent's contention that he had proved the title in himself and that he was basing his motion upon that fact and not upon any failure of appellant to prove the seizure and sale of the note on execution, but said motion conceded the fact that there was such seizure and sale but claimed the same was not justified, owing to the fact that plaintiff had previously become the owner of said note. With the case tried out upon this theory, it left only one issue to be submitted to the jury, to-wit: the amount of Hagen's claim that was secured by the note.

As against respondent's claim to the note, appellant contends that the respondent was not a holder of the note "in good faith, for value," and this because: First, appellant, sometime before the transfer of the note to respondent, had attached the note in a suit against the Wades; and, second, that the note was not properly endorsed by the payee when it was turned over to respondent.

[2] The first contention is without merit, because this attachment was dissolved and set aside: "Piper v. Wade, et ux., 28 S. D. 196, 132 N. W. 786. Therefore the attachment proceed-

ings created no obstacle in the way of the free transfer of the note by Mrs. Wade. But there is as little merit in the contention that the note was not properly endorsed. A number of small payments had been endorsed on the back of the note, before it was transferred to respondent, one of which was as follows: "Jan. 16, 1911, Pd. 57.50," and immediately under this endorsement is the name "Lucy A. Wade," and, under this name, is endorsed another payment. The evidence showed that the name "Lucy A. Wade" was attached to the note at the time the $57.50 was paid, and it is claimed, therefore, that she signed her name merely to show the receipt of this payment, and not as an act of endorsement of the note over to the respondent.

[3-4] But it is wholly immaterial when the signature was placed there; because in the first place, as between the parties themselves, they considered it a sufficient endorsement; and, in the second place, the delivery of the note by Mrs. Wade to the respondent for a valuable consideration and with the intent to pass the title to the note to him was sufficient to transfer the title, even though it had not been endorsed at all. There is no question raised by appellant but that a valuable consideration passed from respondent to the payee of the note, nor is there any suggestion, any place in the record, that the transaction itself was fraudulent.

The court was not warranted, by anything to be found in the very voluminous pleadings, in inserting in the orders of interpleader the portions of those orders above quoted. But, in the face of such provisions and with the pleadings in the condition in which they were, it was prejudicial error for the court, without any warning, to completely change the theory of the case and direct the verdict that it did. The verdict correctly states the law applicable to the case, but the facts should have been submitted to the jury.

As the other errors urged by appellant are not likely to occur again it is not necessary to consider them in detail.

The judgment and order appealed from are reversed and a new trial ordered.