RYLEE v. WILKERSON.*

[99 So. 901. No. 24134.]

(Division B. May 12, 1924. Suggestion of Error Overruled May 26, 1924.)

BILLS AND NOTES. *Accommodation party liable to holder for value only when he became such before maturity.*

The provisions of section 58 of the Uniform Negotiable Instruments Law (section 2636, Hemingway's Code) that, in the hands of any holder other than a holder in due course, a negotiable instrument is subject to the same defenses as if it were non-negotiable, and of section 28 of said act (section 2606, Hemingway's Code) that absence or failure of consideration is matter of defense as against any person not a holder in due course, do not permit an exception in favor of accommodation paper, and in view of these provisions section 29 of said act (section 2607, Hemingway's Code) will be construed as rendering an accommodation party liable to a holder for value only when he became such before maturity of the instrument.

*Headnote 1. Divorce, 19 C. J., sections 42, 43; 2. Divorce, 19 C. J., section 260.

APPEAL from circuit court of Tallahatchie county.

HON. J. W. KUYKENDALL, Special Judge.

Action by W. R. Wilkinson against W. J. Rylee. Judgment for plaintiff, and defendant appeals. Reversed and Judgment rendered.

*Featherstone & Breland,* for appellant.

The court below erred in giving a peremptory instruction in favor of the appellee. The appellant had the same defenses to the note herein sued on against the appellee as he would have had against the payee therein. There was no liability by the appellant, the maker of the note, to the payee herein. One who draws or indorses accommodation paper for the accommodation of another is not liable on it to him (See 3 R. C. L., sec. 336; 8 C. J. 259, sec. 409). All the authorities seem to hold that as between the accommodation maker and the accommodation party there is no consideration. (See *Green* v. *McCord* (Ala.), 85 So. 750.) This case is governed by the Uniform Negotiable Instrument Act; see section 52, section 28, and section 57.

The holder of accommodation paper can recover from the accommodation maker, without being subject to any defense of the maker, where he acquires such paper for value, in due course of trade, and before the paper is over-due. All persons who give value for paper are holders for value in respect to all parties who become such prior to that time, but the fact they gave value for the paper will not preclude the maker from setting up any defense against such holder that he would have against the original payee, if the paper was not acquired in due course and for value. If this rule is not applicable to negotiable accommodation paper the same as to ordinary negotiable commercial paper, then accommodation paper is in a class to itself, and the Uniform Negotiable Instrument Act has not made negotiable paper uniform, and the main purpose for which it was enacted has failed, and the sections of the Code first above referred to, are empty and meaningless as far as it applies to accommodation paper. *Merchants' National Bank* v. *Smith,* 59 Mont. 280, 196 Pac. 523, 15 L. A. R. 430.

Furthermore, there is another rule of law, applicable here. "On a bill or note which is void between the original parties for want of consideration, as being mere

accommodation paper, a bona-fide indorsee is only entitled to recover the amount that he, or some prior holder, through whom he derives title, paid for it, together with interest on such amount.'' (See 3 R. C. L. 1053, sec. 257 and cases cited under note 8). If the above rule is applicable to a bone-fide holder of accommodation paper, how much greater is the reason for the rule where the holder became such three years after the note became due.

*R. L. Cannon,* for appellee.

The note is supported ·by a valid and sufficient consideration. When an accommodation note is delivered to the purchaser, his purchase constitutes a consideration sufficient to support the contract. *Meggett* v. *Baum,* 57 Miss. 22; *Hawkins* v. *Neal,* 60 Miss. 256; *Millsaps* v. *Bank,* 71 Miss. 361, 13 So. 903; *Marling* v. *Jones,* 138 Wis. 82, 119 N. W. 931, 131 Am. St. Rep. 996; Hemingway's Code, section 2603 (section 25, Un. Neg. Inst. Act): ''Consideration—What constitutes. Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value; and is deemed such whether the instrument is payable on demand or at a future time.'' Appellee's testimony shows such consideration.

The mere fact of appellee's purchase of the note after its maturity does not preclude his recovery on the ground that it was an accommodation note. The common-law rule, or rather, the rule of the law merchant, is that a transferree taking accommodation paper after maturity from the accommodated payee takes such paper free of the defense that it is accommodation paper and without consideration. Norton on Bills and Notes (3 Ed.), 180; *Marling* v. *Jones,* 138 Wis. 82, 119 N. W. 931, 131 St. Rep. 996; *Mersick* v. *Alderman,* 77 Conn. 634, 2 A. & E. Ann. Cas. 254.

There was no diversion of the note from the purpose

for which it was made. The mere promise or statement of the accommodated party that he will use accommodation paper for a particular purpose will not amount to such a restriction as to its use as will render the violation of the promise a legal diversion of the paper, unless it is exacted or made as the condition on which the accommodation is given and is relied on by the party giving the accommodation. 8 C. J. 279, sec. 437; *Farley & C. Bank* v. *Henderson,* 118 Ala. 441, 24 So. 428.

Cook, J., delivered the opinion of the court.

On June 20, 1918, W. J. Rylee, defendant in the court below, executed and delivered to J. H. Cook his promissory note for two hundred dollars, payable on or before December 1, 1918, and bearing interest at eight per cent. per annum from maturity. Cook indorsed the note, with out recourse, and more than three years after its maturity, he delivered it to W. R. Wilkinson, plaintiff in the court below, in settlement of an account owing by Cook to Wilkinson. Payment of the note having been refused, the plaintiff instituted this suit for the recovery of the amount thereof, with interest and attorney's fees. The defendant filed a plea of the general issue, and gave notice thereunder that, as a defense to said note, he would offer evidence to show that there was no consideration whatever for said note, but that it was executed and loaned to the payee, Cook, solely for his accommodation, and under an agreement that it would be returned to the maker before the maturity thereof, and that the plaintiff received the note from the payee long after it was due. At the conclusion of the testimony the court granted the plaintiff a peremptory instruction, and from the judgment entered in pursuance thereof the defendant has prosecuted this appeal.

Other than the note sued on, the only testimony introduced was that of the appellant and appellee. The ap-

pellee testified that he made the note for the accommodation of the payee, without receiving any consideration therefor, and that he promised that he would "take care of the note and return it" to the maker. This testimony is undisputed, and it is admitted that the note was negotiated to the appellee by the payee about three years after its maturity.

So far as this record discloses, the negotiation of this note to appellee was the first negotiation thereof, and the question for decision is whether the accommodation maker of the note is liable to a holder for value who acquired it from the payee after its maturity. .

On this question there is a conflict of authority, and there is an apparent conflict in the several controlling provisions of the Negotiable Instruments Law. Section 29 of the Uniform Negotiable Instruments Act (section 2607, Hemingway's Code) defines an accommodation party as "one who has signed the instrument as maker, drawer, acceptor or indorser, without receiving value therefor, and for the purpose of lending his name to some other person," and provides that "such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party." Section 26 of said act (section 2604, Hemingway's Code) provides that "where value has at any time been given for the instrument, the holder is deemed a holder for value in respect to all parties who became such prior to that time." If this definition of a holder for value, and the provision that an accommodation party is liable on the instrument to a holder for value, be considered alone, it would seem that where an accommodation note has been negotiated for value after it is overdue even though it be the first negotiation and to one having knowledge of the accommodation, the accommodation maker is liable to such holder for value, and it was so held in the cases of *Marling* v. *Jones,* 138 Wis. 82, 119 N. W. 931, 131 Am.| St. Rep. 996; *Mersick* v. *Alderman,* 77 Conn. 634, 60 Atl. 109, 2 Ann.

Cas. 254; and the three English cases of *Charles* v. *Marsden,* 1 Taunt. 224; *Sturtevant* v. *Ford,* 43 Eng. C. L. R. 61; *Caruthers* v. *West,* 63 Eng. C. L. R. 143.

It will be noted, however, that section 58 of the Uniform Negotiable Instruments Act (section 2636, Hemingway's Code) provides that:

"In the hands of any holder other than a holder in due course, a negotiable instrument is subject to the same defenses as if it were nonnegotiable. But a holder who derives his title through a holder in due course, and who is not himself a party to any fraud or illegality affecting the instrument, has all the rights of such former holder in respect of all parties prior to the latter."

By section 52 of said act (section 2630, Hemingway's Code) "a holder in due course is" defined as one—"who has taken the instrument under the following conditions:

"(1)   That it is complete and regular upon its face.

"(2)   That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact.

"(3)   That he took it in good faith and for value.

"(4)   That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

Section 28 of said act (section 2606, Hemingway's Code) provides that:

"Absence or failure of consideration is matter of defense as against any persons not a holder in due course."

In considering the question now presented, all the pertinent sections of the Negotiable Instruments Act should be construed together so as to harmonize them, if possible, and render them consistent with the scope and object of the act, and in construing these several provisions the intention of the legislature and the design of the act should control, although this may, in some measure, conflict with the letter of certain of its provisions.

If it be held that by virtue of the provisions of section 29 of the act a purchaser for value of overdue accommodation paper, although cognizant of the conditions under which the paper was executed, is entitled to recover of the maker because he is a holder for value and need not be a holder in due course, then accommodation paper is placed in a class superior to all other negotiable paper, and this construction accords to the holder of accommodation paper rights which are denied to the holders of other classes of negotiable paper, and brings about a hopeless conflict between that section and sections 28 and 58 of the act. The broad language of section 58 that, in the hands of any holder other than a holder in due course, a negotiable instrument is subject to the same defense as if it were nonnegotiable, and of section 28 that absence or failure of consideration is matter of defense as against any person not a holder in due course, does not permit an exception in favor of accommodation paper, and we do not think that, by the use of the words "holder for value" in section 29, the legislature intended to nullify sections 28 and 58 in so far as they might apply to accommodation paper. There appears no sound reason for the distinction in the two classes of negotiable paper, and it would seem that the makers, indorsers, or acceptors of accommodation paper should be permitted the same defenses as are guaranteed to the makers, indorsers, or acceptors of negotiable paper for value. As said in *Chester* v. *Dorr,* 41 N. Y. 279, the purpose and object of making or indorsing a note for the accommodation of another—

"is to obtain credit for such other, or to enable him to do so. The very terms of the note declare the credit it is intended to procure, that is to say, until the maturity of the note. Within that range, the making or indorsement being unrestricted as to its use, the borrower may use it as his exigencies require, and a transferee may

receive it in reliance upon the undertaking which is imported by its terms. But the very term of payment, contained in the note, imports that the accommodation party undertakes that the note shall be paid at its maturity; and that he who then holds the note, shall have recourse to him, if it be not then paid. . . . And accordingly, when such accommodation is given, it is a most material circumstance that the time during which the borrower is at liberty to obtain credit on the note is fixed by the limitation of the time of payment therein.''

In an article in 26 Harvard Law Rev. p. 493, Prof. Brannan expressed the same view in the following language:

''When a man lends the use of his name to another by signing a bill or note payable at a certain time, it seems in accord with common sense to interpret the fixing of a definite time for payment as meaning an intention to limit the use of the name for the time mentioned in the instrument.''

If this is the correct view, and we think it is, the rights of the respective parties are fixed. as they exist at the date of the maturity of the instrument, and, since the legislature has provided that absence or failure of consideration is a defense as against any person except a holder in due course, we are of the opinion that section 29 must be construed as rendering an accommodation party liable to a holder for value only when he became such before maturity of the instrument. In support of this view see the cases of *Chester* v. *Dorr,* 41 N. Y. 279, and *Cottrell* v. *Watkins,* 89 Va. 801, 17 S. E. 328, 19 L. R. A. 754, 37 Am. St. Rep. 897.

Finally, the appellee says that if we hold that the absence of consideration was available as a defense, the cause should be remanded for a new trial for the reason that there was certain testimony that appellant promised to pay the note after it was negotiated to appellee.

We do not think there is any testimony in the record which will support a finding that there was a binding promise to pay the note, and consequently, the peremptory instruction requested by the appellant should have been granted.

The judgment of the court below will therefore be reversed, and judgment entered here for the appellant.

*Reversed, and judgment for appellant.*