ALTFILLISCH, Appellant, v. McCARTY et al, Defendants,
(Smith, Respondent).

(207 N. W. 67.)

(File No. 5338.  Opinion filed January 23, 1926.)

**Bills and Notes—Holder in Due Course—Accommodation Party Is
Liable to Holder for Value, Who Is Not Holder in Due
Course.**

An accommodation party, within Rev. Code 1919, Sec. 1733,
·is liable to purchaser of note after maturity, who is holder for
value under Section 1730, but who is not holder in due course
under Section 1756, notwithstanding Sections 1732 and 1762.

Appeal from Circuit Court, Kingsbury County; Hon. Alva
E. Taylor, Judge.

Action by Otto Altfillisch against Albert McCarty and George
A. Smith. Judgment for plaintiff against defendant first named,
and against plaintiff for defendant last named, and plaintiff ap-
peals. Reversed and remanded, with directions.

*Hall & Purdy,* of Brookings, and *D. A. Crawford,* of De
Smet, for Appellant.

*Kirby, Kirby & Kirby,* of Sioux Falls, for Respondent.

Appellant cited: Renwick v. Williams, 2 Md. 356; Cottrell v.
Watkins, 89 Va. 801, 19 L. R. A. 754, 17 S. E. 328; Naeff v.
Potter, 11 L. R. A. (N. S.) 1034; Chester v. Dorr, 41 N. Y. 279;
McKenney v. Peters (S. D.), 170 N. W. 132; First National
Bank of McClusky v. Meyer (N. D.), 152 N. W. 657; Moore v.
Baird, 30 Pac. 138; Gaul v. Willis, 26 Pac. 259; Fowler v. Strick-
land, 107 Mass. 552; Marling v. Jones (Wis.), 119 N. W. 931;
Nickel v. Bradshaw (Ore.), 11 A. L. R. 623, 183 Pac. 13; Haw-
kins v. Shield (Miss.), 4 A. L. R. 760, 57 So. 4; Clark v. Sal-
laska (Okla.), 4 A. L. R. 746, 174 Pac. 1171; Merchants Nat.
Bank v. Smith (Mont.), 15 A. L. R. 430; First State Bank v.
Lang (Mont.), 9 A. L. R. 1139, 174 Pac. 597.

Respondent cited: Rumley Co. v. Anderson, 35 S. D. 114;
S. D. Central Ry. Co. v. Smith, 22 S. D. 210; Fruitticher Electric
Co. v. Birmingham Trust and Savings Co. (Ala.), 79 S. W. 248.

CAMPBELL, J.  Plaintiff brought his action against defen-
·dants to recover on a certain promissory note. The note was
made by defendant McCarty, payable to the order of defendant

Smith, and was by Smith indorsed in blank before maturity, and
so indorsed was delivered and transferred to De Smet National
Bank, and thereafter plaintiff acquired the same, paying value,
but after the maturity thereof. Judgment was rendered against
the defendant maker, McCarty, by default. The defendant Smith
answered that his taking of the note as payee and his indorsement
thereon were entirely without consideration, and solely for the
accommodation of the De Smet National Bank, and for a second
defense that said bank received certain money, which was to be
applied upon the note in question, and failed so to apply the same,
and of course denying that plaintiff was the owner and holder of
the note in due course. Defendant did not submit any testimony
at the trial showing or tending to show any payment to De Smet
National Bank, which failed to be applied upon said note, but
confined his testimony to the defense that he was an accommoda-
tion party. The jury returned a verdict for the defendant upon all
the issues; plaintiff having moved for directed verdict at the close
of the defendant's testimony and at the close of all the testimony
in the case, which motions were denied. After the verdict plain-
tiff moved the court for judgment notwithstanding the verdict,
which motion was likewise denied. Judgment was thereafter en-
tered upon the verdict in favor of the defendant Smith, and from
that judgment, and an order denying his motion for new trial,
plaintiff appeals.

The evidence clearly shows that appellant was the owner and
holder of the note at the time of the trial, and that he paid value
for the same at the time it was transferred to him, and was there-
fore a "holder for value," as defined in section 1730, Rev. Code
1919. However, he did not acquire the note until after maturity,
and therefore cannot rank as a holder thereof "in due course," as
defined in section 1756, Rev. Code 1919. Appellant presents sev-
eral close and interesting questions. One of his principal conten-
tions, which we will first examine, is that, being a "holder for
value," though not a "holder in due course," respondent is liable
to him, regardless of the fact that respondent in truth was merely
an accommodation party, to the knowledge of appellant at the
time of taking the instrument.

Prior to the adoption of the Negotiable Instruments Law,
which was first proposed and recommended to the Legislatures of

the states by the National Conference of State Boaids of Commissioners for promoting Uniformity of Legislation in 1896, and which has now been adopted, with but slight modifications, in some 40 states, it appears to have been the rule in England and in some states that, when an accommodated party transferred accommodation paper for value, after maturity in good faith, without diversion from its intended purpose, the transferee could enforce the same against the accommodation party, although he took with notice of such accommodation character. The decided weight of American authority, however, seems to have been that a transferee from the accommodated party, taking after maturity, even though giving valuable consideration, had no greater light against the accommodation party than his transferrer. See cases collected in note to 2 Ann. Cas. 256.

Since 1913, however, we can only concern ourselves with the decision of this question in the light of the Negotiable Instruments Law as adopted in this state. Chapter 279, Laws 1913. Material provisions of that law on this question are as follows:

Section 1730, Rev. Code 1919 (section 26, N. I. L.): *"Value for Consideration.* Where value has at any time been given for the instrument, the holder is deemed a *holder for value* in respect to all parties who became such prior to that time."

Section 1756, Rev. Code 1919 (section 52, N. I. L.) : *"Holder in Due Course.* A holder in due course is a holder who has taken the instrument under the following conditions: 1. That it is complete and regular upon its face. 2. That he *became the holder of it before it was overdue,* and without notice that it has been previously dishonored, if such was the fact. 3. That he took it in good faith and for value. 4. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

Section 1762, Rev. Code 1919 (part of section 58, N. I. L.) : *"Other Than Holder in Due Course-Defenses.* In the hands of *any holder other than a holder in due course,* a negotiable instrument is subject to the same defenses as if it were non-negotiable."

Section 1732, Rev. Code 1919 (section 28, N. I. L.) : *"Absence or Failure of Consideration.* Absence or failure of consideration is a matter of defense as against any person *not a holder*

in due course, and partial failure of consideration is a defense pro tanto, whether the failure is an ascertained and liquidated amount or otherwise."

Section 1733, Rev. Code 1919 (section 29, N. I. L.): *"Accommodation Party.* An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor and for the purpose of lending his name to some other person, Such a person is liable on the instrument to *a holder for value,* notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

This question has frequently arisen under the provisions of the Negotiable Instruments Law where the holder of the paper acquired the same before maturity, as was the case in McKinney v. Peters, 41 S. D. 285, 170 N. W. 132; but we have found only two cases squarely considering this matter and containing any discussion thereof, under the terms of the Negotiable Instruments Law, where plaintiff paid value after maturity, as here; that is, was a "holder for value," but not a "holder in due course." Those cases are Marling v. Jones (1909), 138 Wis. 82, 119 N. W. 931, 131 Am. St. Rep. 996, and Rylee v. Wilkerson (1924), 134 Miss. 663, 99 So. 901.

The Wisconsin case holds squarely that the accommodation party cannot defeat recovery, merely on the ground that the paper was accommodation paper, at the suit of a holder for value, though said holder did not acquire the paper until after due. The Mississippi case, on the other hand, takes the opposite view, and after consideration and discussion of the matter says that, construing the Negotiable Instrument Act as a whole:

"Section 29 must be construed as rendering an accommodation party liable to a holder for value only when he became such before the maturity of the instrument."

These two cases have aroused a considerable controversy. The Wisconsin case has been criticized in an article in 57 U. of P. Law Review, 662, and 26 Harvard Law Review, 493, and supported by Prof. Henning in 59 U. of P. Law Review, 471-532, as pointed out by Prof. Brannan in an interesting annotation found in Brannan's Negotiable Instruments Law (3d Ed.), p. 122.

Upon careful consideration of the matter, we believe that the decision of the Wisconsin court has the support of the better reasoning. It is possibly true that the so-called "majority American rule," as it existed prior to the Negotiable Instruments Law, was theoretically a sounder view. The question before us is, not what the law of bills and notes in this particular ought to be, or what it might or ought to be held under the common law or the law merchant, but what in fact it is, as set forth in our statute applicable to the subject. The Uniform Negotiable Instruments Law is based upon and very largely copied from the English Bills of Exchange Act, which was a codification of the law of England with reference to bills of exchange, promissory notes, and checks, prepared by Mr. M. D. Chalmers, and enacted by Parliament in 1882 (Bills of Exchange Act 1882, chapter 61, 45 & 46 Vict.). It was entirely natural that the English Bills of Exchange Act should contain and enact as statute law what had previously been the English rule on this particular proposition, and it very clearly did so by section 28 of the Bills of Exchange Act, reading as follows:

"28. (1) An accommodation party to a bill is a person who has signed a bill as drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. (2) An accommodation party is liable on the bill to a holder for value; and it is immaterial whether, when such holder took the bill, he knew such party to be an accommodation party or not."

And in this connection it is interesting to note in the English act that section 27, immediately preceding, defines "holder for value," and section 29, immediately following, defines "holder in due course." We believe the effect of the adoption of substantially this same language in section 28 of the Negotiable Instruments Law was to enact the so-called "English rule" on this particular proposition as part and parcel of the Negotiable Instruments Law.

Therefore, under the provisions of section 28, N. I. L., as enacted in section 1733, Code 1919, we believe that the "English rule" has become the law of this state, regardless of whether or not it is the sounder rule, and regardless of what may previously

have been the weight of American authority or the law of this state. If a change is desirable, it must be made by legislative act. In the instant case the only defense offered by respondent was that he claimed to be an accommodation party to the paper, and under the present law of this state we hold that respondent could not avail himself thereof against appellant, who was a "holder for value," even though appellant became such holder after maturity and knowing respondent to be an accommodation party.

Inasmuch as the holding on this point is a final disposition of the cause, it will be unnecessary to review any other questions raised on the appeal. Appellant was entitled to have a verdict directed in his favor, or to have his judgment notwithstanding the verdict, and the judgment and order appealed from must therefore be reversed, and the case is remanded with directions to enter judgment in favor of appellant as prayed in the complaint, notwithstanding the verdict.

Note.—Reported in 207 N. W. 67. See, Headnote, American Key-Numbered Digest, Bills and notes, Key-No. 351, 8 C. J. Sec. 411.