WHITE et al, Appellants, v. LYNCH, Sheriff, Respondent.

### (211 N. W. 447.)

(File No. 5784.   Opinion filed December 31, 1926.)

**Appeal and Error—Instruction, Not Challenged or Excepted To, Is Law of Case.**

> Instruction, not challenged or excepted to in any manner, is law of case, and is not subject to challenge on appeal.

---

Note.—See, Headnote, American Key-Numbered Digest, Appeal and error, Key-No. 853, 4 C. J. Secs. 751, 818.

Appeal from Circuit Court, Charles Mix County; Hon. R. B. Tripp, Judge.

Action by A. S. White and another against Dan Lynch, Sheriff of Charles Mix County, substituted for James Dermody. From a judgment against plaintiffs, and from an order denying a new trial, plaintiffs appeal.   Affirmed.

*Roy E. Willy,* of Platte, and *A. B. Beck,* of Lake Andes, for Appellants.

*G. M. Caster* and *J. E. Tipton,* both of Lake Andes, for Respondent.

GATES, P. J.   In September, 1921, one Geo. W. Calta was engaged in the retail hardware business at Geddes.   His stock of merchandise was of the conceded value of $10,000.   The evidence tended to show the following state of facts:   He traded this stock to plaintiffs for their equities in three quarter sections of land in Pennington county, near the Bad Lands.   At the time he was insolvent.   The title to the lands was taken in the name of Calta's father, who in return canceled debts due from his son to the

amount of about $5,200 and assumed the payment, and did pay, Calta's store debts to wholesalers aggregating about $4,800. Plaintiffs went into immediate possession of the store and began selling the stock at bargain prices. Three days later the Charles Mix County Bank caused an attachment to be levied upon the stock of merchandise, on the ground that the transfer was in fraud of creditors, and the sheriff took possession. See Charles Mix Co. Bank v. Calta, 45 S. D. 564, 189 N. W. 527. Thereupon plaintiffs brought this action in replevin, and in the ancillary proceeding of claim and delivery they recovered immediate possession. Upon the trial of this action the jury returned a verdict for defendant sheriff, and judgment was entered against plaintiffs for $10,000, with interest and costs. From the judgment, and an order denying new trial, plaintiffs appeal.

The main theme of appellants' brief is that the consideration for the transfer moving to Calta was a full and fair consideration, viz., the cancellation of the debt due his father and the assumption by the father of Calta's wholesale debts, and therefore that the transfer was not invalid under the Uniform Fraudulent Conveyance Act (chapter 209, Laws 1919). Respondent contends that the value of the land was the consideration, and that in any event appellants are precluded by the instructions given to the jury from now insisting upon their theory.

Each quarter section was incumbered by mortgages. One had a mortgage upon it of $800 and a second mortgage of $160. Another quarter had a first mortgage of $600 and a second mortgage of $60. The third had a mortgage of $800, upon which $200 had been paid, and a second mortgage of $120. Much evidence was taken pro and con as to the value of the land. The evidence on the part of defendant tended to show that the land was worth about $1,000 a quarter. The evidence on the part of plaintiffs tended to show that it was worth from $20 to $35 an acre. During the examination of a witness the court, in considering an objection, declared:

"The question that will go to this jury is whether or not this land was a fair equivalent, within the meaning of the statute that I will read to this jury, for that $10,000 stock of goods."

That seems to be the theory on which the case was tried until the court gave its instructions to the jury, when it seems to

have adopted the theories of both parties. After reciting the claimed relevant facts and the definition of fair consideration from section 3 of the Uniform Fraudulent Conveyance Act, the court charged the jury as follows:

"The bank had that writ levied by the sheriff because it contended and does contend in this case that the sale, trade, or transfer by George to White and Campbell was fraudulent and void as to it, the bank, a creditor, and whether it was or not—that is, whether that transfer was invalid—is the real question for decision in this case. * * * Now it appears the Pennington county land, the consideration for the stock of goods, was not conveyed to George, but to his father. It is contended, however, in support of the transaction, that the conveyance was so made in satisfaction of indebtedness of George to the father, the latter's assumption of George's indebtedness to wholesale houses, the amount of which appears here in evidence; so the real and final inquiry or question for you to decide is: Was the satisfaction of the indebtedness of the son to the father and assumption, if you find the indebtedness and assumption existed, a fair consideration or equivalent for the stock of goods, within the meaning of the law that I have just read to you? If you find the land was not, your verdict should be in favor of the defendant, the sheriff; but on the other hand, if you find by a preponderance of the evidence that the land was fair consideration, within the meaning of this statute, your verdict should be in favor of the plaintiffs."

This instruction was not challenged nor excepted to in any manner, and therefore became the law of the case, and therefore not subject to challenge now. We have no means of knowing whether the jury based its verdict upon the theory that the Pennington county land had no substantial value in excess of the incumbrances upon it ,or whether it discredited the testimony as to the alleged consideration moving from the father to the son, or both.

We have examined all of the assignments of error argued by appellants, and find nothing worthy of further comment.

The judgment and order denying new trial are affirmed.