TABOR STATE BANK OF TABOR, et al, Appellants,
v. ROLLINS, et al, Respondents.

(223 N. W. 726.)

(File No. 6254.   Opinion filed February 21, 1929.)

*F. B. Morgan,* of Wagner, for Appellants.

*G. M. Caster* and *R. C. Baker,* both of Lake Andes, for Respondents.

BURCH, J. Plaintiff sues to recover upon a promissory note signed by B. F. Rollins and C. M. Conger, payable to Security State Bank of Dante, S. D., for $5,000, dated October 1, 1920, due one year after date with interest. Plaintiff claims as indorsee of the note. The makers defend on the ground that the note was an accommodation note, was without consideration, and that it was

not transferred before maturity, for value, in due course. Judgment for defendants, and plaintiff appeals from the judgment and an order denying a new trial.

Such portions of the evidence as are necessary will be alluded to in the course of our discussion of the errors assigned. Throughout the trial the court and respondents took the position that, in order to recover, appellant must have acquired the note in due course for value before maturity. Appellant now claims that it may recover under the Uniform Negotiable Instrument Law (Rev. Code 1919, §§ 1705-1905), if a holder for value, although not a holder in due course. If appellant entertained this theory during the trial, it was not clearly defined and presented in the trial of the case. Appellant claimed to be and attempted to prove that it was not only a holder for value, but also a holder in due course. The right under our Uniform Negotiable Instrument Law of a holder for value, although not a due course holder, to recover upon an accommodation note, is fully discussed and decided in Altfillisch v. McCarty, 49 S. D. 203, 207 N. W. 67, 48 A. L. R. 1270, where it was held that a holder for value might recover, although the note was transferred after maturity and not in due course.

But appellant cannot now stand squarely in that position, because the court instructed the jury that, to recover, appellant must be a holder for value in due course, and appellant took no exceptions to such instruction, nor did it request an instruction to the contrary. Therefore the instructions are not before us for review, and must be accepted as the law of the case on this appeal. Malloy v. C., M. & St. Paul Ry., 25 S. D. 503, 127 N. W. 633; Lallier v. Pacific Elevator Co., 25 S. D. 572, 127 N. W. 558; Gartner v.Mohan, 39 S. D. 202, 163 N. W. 674. Appellant argues that, because appellant moved for an instructed verdict in its favor at the close of all the evidence and before the instructions were settled and given, this court, in considering the error assigned on denial of the motion for a directed verdict, must consider the right to a directed verdict under the law as it is and not as it was later assumed to be. This court, in Schmidt v. Carpenter, 27 S. D. 412, 131 N. W. 723, Ann. Cas. 1913D, 296, announced the rule that on a motion for direction of a verdict, with proper specifications as to insufficiency of the evidence, the correct rule of law must neces-

sarily be applied in testing the sufficiency of the evidence, although in reviewing a motion for a new trial on the ground of insufficiency of the evidence, where no exceptions were taken to the instructions, the sufficiency of the evidence must be tested by the rule in the instructions. In the case at bar, the motion for a directed verdict was on the ground that, assuming the note to be an accommodation note, the evidence shows beyond dispute "that the Tabor State Bank acquired the note and paid value for the same, not only before the maturity of the note, but also before having any knowledge or notice of any infirmity in the note, or that the defendants had revoked or attempted to revoke their signatures to said note." This is not materially different from the theory of the law declared in the instructions.

█ An examination of the evidence shows that there was sufficient conflict in the evidence as to the due course holding to warrant a submission of that issue to the jury. Where an action is tried on the theory that it is necessary to prove a certain fact in order to recover a different position cannot be taken on appeal. Donaldson v. State, 167 Ind. 553, 78 N. E. 182; 3 C. J. 734, § 628. It is well established that the theory on which a case is tried cannot be changed for the first time in the appellate court (Child & Co. v. Jenkins, 25 S. D. 69, 125 N. W. 130; Buchanan v. Randall, 21 S. D. 44, 109 N. W. 513; Dal v. Fischer, et al, 20 S. D. 426, 107 N. W. 534; McPherson et al, v. Julius et al, 17 S. D. 98, 95 N. W. 428; Graham v. Selbie, 10 S. D. 546, 74 N. W. 439; Parrish v. Mahany, 10 S. D. 276, 73 N. W. 97, 66 Am. St. Rep. 715), and this is the general rule in all jurisdictions.

The specifications of the insufficiency of the evidence to warrant a submission of the case to the jury appearing in the motion for a directed verdict are as follows:

"The sworn answer to the defendants as well as the opening statement of counsel for the defendants, are to the effect that defendants executed this note to enable the Dante Bank to get credit to carry them over a financial crisis, and the evidence shows that the bank, following such proposal, sold the note to the Tabor State Bank, and received credit therefore in February, 1921, and the defendants are now estopped to deny liability as against the creditors of the Tabor State Bank, whose money was expended for said note. The only evidence to show that the note was not sold

in February, 1921, as claimed by the plaintiff, consists in an alleged statement by Charles Fousek, now deceased, made in October, 1922, to the defendants, without the presence of the plaintiff, to the effect that the Security State Bank had not sold the note in question, which evidence went in under proper objection and is clearly hearsay and would not warrant the jury in finding that the note had not been sold as claimed by the plaintiff."

Testing this by the rule laid down in Schmidt v. Carpenter, supra, we still have the issue as to the time when appellant acquired title to the note. Eliminating the testimony as to what Fousek said, which we think was plainly hearsay and not binding on appellant, there is evidence by respondents that the note was seen by them in the hands of Fousek, president of the Dante bank, long after February, 1921, and that at that time it bore no indorsement, although Cash, cashier of the Dante bank, testified that he indorsed the note at the time it was transferred to appellant. We think there was sufficient conflict in the evidence as to the time appellant acquired title to require a submission of the question to a jury, in view of the theory upon which the case was tried.

[6] But, inasmuch as there is so little evidence to refute appellant's proof that it acquired title, if at all, in February, 1921, the admission of evidence of a later conversation in October, 1922, with Fousek, who at the time of the trial was deceased, in which he said the note had not been sold, was prejudicial error. This conversation was not claimed to have been in the presence of any officer of the Tabor State Bank, appellant, and, if Fousek made the statement, it could not be binding on appellant. Such testimony was hearsay, and admitted over proper objection, and its admission is assigned as error.

The judgment and order appealed from are therefore reversed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BROWN, JJ., concur.