FRANA, et al, Appellants, v. ROLLINS, et al, Respondents.

(238 N. W. 574.)

(File No. 6984.   Opinion filed October 26, 1931.)

*F. D. Wicks,* of Scotland, and *F. B. Morgan,* of Wagner, for Appellants.

*Caster & Baker,* of Lake Andes, for Respondents.

MISER, C. This action is to recover on a promissory note for $5,000 signed by B. F. Rollins and C. M. Conger, dated October 1, 1920, due October 1, 1921, payable to the Security State Bank of Dante, S. D., and indorsed by that bank to the Tabor State Bank. The Tabor bank having closed subsequent to the bringing of suit, then having been reorganized, the present plaintiffs, as trustees of the trust fund created on reorganization, were substituted for the original parties plaintiff. For decision on former appeal see Tabor State Bank of Tabor v. Rollins, 54 S. D. 521, 223 N. W. 726.

The note was given by the defendants for the accommodation of the Dante bank. It was sold for value and delivered by the Dante bank to the Tabor bank before trial. These facts are conceded on this trial. Therefore defendants were liable on the instrument to the Tabor bank even though they were accommodation makers (Altfillisch v. McCarty, 49 S. D. 203, 207 N. W. 67, 48 A. L. R. 1270) unless, before buying it, the Tabor bank was advised of their revocation. Section 1733, Rev. Code 1919. The important question of fact is whether the Dante bank sold this note to the Tabor bank before May, 1923, or after May, 1923, when, according to the testimony of defendants in whose favor verdict was returned, the makers revoked their accommodation and demanded the return of the note from the Dante bank, the accommodated party, in the presence of the managing officer of the Tabor bank, the transferee.

At the conclusion of the evidence plaintiffs moved for a directed verdict, which motion was denied, and, the jury having brought in a verdict for the defendants, plaintiffs moved for judgment notwithstanding the verdict, which was also denied. Error is assigned in the denials of these motions. In Jerke v. Delmont State Bank, 54 S. D. 446, 460, 223 N. W. 585, 591, 72 A. L. R. 7, this court said: "When a court holds in any given case or upon any given facts, that the direction of a verdict is proper, it is * * * merely announcing its judgment or opinion as a matter of reason and logic that in that case and upon those facts reasonable minds could not differ as to the result to be reached."

In the case at bar the trial court denied the motion of plaintiffs, appellants herein, for a directed verdict; hence it may be inferred that the learned trial judge was of the opinion, from the facts given in evidence, that reasonable minds could differ as to whether the Tabor bank acquired the note before May, 1923, or after that date. We must therefore examine that evidence.

The evidence supporting appellants' claim that the Tabor bank became a holder for value of this note before May, 1923, is as follows: The note itself is indorsed: "Without recourse, pay to Tabor State Bank, * * * Security State Bank, * * * F. H. Cash, Ass't Cashier." A deposit slip of the Tabor bank, dated February 14, 1921, shows a deposit by the Dante bank of two notes; one being the note of B. F. Rollins and C. M. Conger for $5,000. This slip was made out by Wagner, president of the Tabor bank. A page of the discount register of the Tabor bank, showing the entry of notes numbered from 12814 to 12854, contains the entry in numerical order of note No. 12842 of B. F. Rollins and C. M. Conger for $5,000. The discount register gave the name of the indorser as Security State Bank; the date of the note, October 1, 1920; the date of discount, February 14, 1921; the due date October 1, 1921, and showed it to be unpaid. One Vaith, who in 1921 was assistant cashier of the Tabor State Bank, testified that he saw the deposit slip and the note on February 14, 1921; that he put the number 12842 on the note, and that he made the entry on the discount register on February 14, 1921; that he then noticed the back of the note, and that it bore the indorsement of the Security bank above described. A daily statement covering a period from prior to February 14, 1921, to a date subsequent to May, 1923, showed credit given by the Tabor bank to the Dante bank, on February 14, 1921, of the total on the deposit slip and that thereafter, by April, 1923, the entire amount had been withdrawn by the Dante bank, leaving an overdraft. A card, which was part of a card index system, showing the notes which the bank had on hand showed Rollins and Conger indebted on a note for $5,000, dated October 1, 1920, and due October 1, 1921. Cash, assistant cashier of the Dante bank in 1920, testified that he indorsed the note about October 1, 1920, and then handed it to Fousek, cashier of the Dante bank.

On the other hand, the daily journal of the Dante bank shows

a debit against the Tabor bank of a note signed by Rollins alone for $5,000, entered February 12, 1921, but no $5,000 note of Rollins and Conger, either on February 12th or 14th. Rollins did owe the Dante bank several notes of $5,000 secured by chattel mortgages. Wagner, the president of the Dante bank, was cashier of the Tabor bank in 1920, 1921, and 1922. Rollins testified that Wagner told him early in 1921 that, because his liability to the Dante bank was too great for that bank to carry, the Tabor bank would hold one of his $5,000 notes. These notes Rollins subsequently paid to the Dante bank. A card, in an accounting system of the Dante bank, which took the place of a liability ledger, showed a note No. 4458 for $5,000, dated October 1, 1920, due October 1, 1921, charged against Rollins, but this entry followed seven entries of notes of later dates; the two immediately preceding being dated even after the date of the claimed transfer to the Tabor bank. A card showing Conger's liability to the Dante bank shows a like charge against him. The entry thereof follows the entry of a note dated . December 13, 1920. The Conger card and the Rollins card both show that the note No. 4458 was rediscounted to Tabor State Bank, but why the liability was carried as such after indorsement without recourse does not appear. There was no number 4458 on the note in suit. It was not shown by the books of the Dante bank when note No. 4458, which is now admitted to be accommodation paper given by Rollins and Conger for the accommodation of the Dante bank, was first charged on the books of that bank as an asset of the bank and a liability of the accommodation makers. Nor is it shown what corresponding entry was made on the books of the Dante bank when that asset first appeared thereon.

In addition to the conflict, or, more exactly, the deficiencies in the bank records, both Rollins and Conger testified positively that in May, 1923, in the Dante bank, they told both Fousek, cashier of that bank, and Wagner, cashier of the Tabor bank, that this accommodation paper had long since served its purpose and they wanted it back; that at that time and place they saw the note and it then bore no indorsement whatever. Wagner, president and majority stockholder of the Dante bank until in 1922, and cashier and managing officer of the Tabor bank until its failure, denied that he knew until the first trial of this action in 1925 that which is now admitted; that is, that Rollins and Conger signed

this note for the accommodation of the Dante bank. This presented a sharp conflict in the evidence. Therefore, despite the showing made by appellants through the records of the Tabor bank and the testimony of its former officers and employees, it does not clearly appear that it was error to refuse to direct a verdict for appellants or to refuse to enter judgment notwithstanding the verdict.

■ ■ Plaintiffs asked for an instruction that a promissory note may be transferred without a written indorsement on the back, provided the person or bank acquiring title pays value and the note is delivered. This in accordance with section 1753, Rev. Code 1919; Piper v. Hagen, 33 S. D. 491, 146 N. W. 692; Harris v. Esterbrook, 55 S. D. 538, 226 N. W. 751, 70 A. L. R. 241. Instead of the foregoing, the jury was instructed that the evidence relating to the indorsement appearing on the note was only to be considered as bearing on when the Tabor bank purchased and acquired the note. Respondent contends that by appellants' failure to except to this instruction given, they conceded its correctness. White et al. v. Lynch, 50 S. D. 601, 211 N. W. 447. The entire correctness of the instructions given may be conceded, but it may yet have been error to refuse to give the instruction requested, for that instruction covered matter not covered by the instruction given.

It needs to be remembered that defendants concede that plaintiffs are the owners of the note. The vital question is when it was transferred to the Tabor bank, whether before or after May, 1923, when respondents revoked their accommodation? Both by general verdict and by special verdict the jury decided that the note was not transferred prior to May, 1923. But had the jury been instructed to the effect that a note may be transferred by delivery for value without indorsement, in other words, that it might believe the testimony of Rollins and Conger that there was no indorsement on the note in May, 1923, when they demanded it back, and yet find that the note had been theretofore transferred to the Tabor bank, the jury might have returned a different general and special verdict. In the absence of an instruction such as requested the jury might be of the opinion that the whole issue was a question of veracity of witnesses on that one bit of evidence, whereas the jury may well have believed respondents and doubted the veracity of several of appellants' witnesses and even the verity of

some of the bank records, and still have returned a verdict for appellants. In view of the extreme nicety of the issue, it cannot be said that it was error without prejudice to refuse to instruct as requested.

The judgment and order appealed from must therefore be, and they are, reversed.

POLLEY, P. J., absent and not sitting.

CAMPBELL, ROBERTS, WARREN, and RUDOLPH, JJ., concur.